WELLS, Judge.
Mattie Lomax appeals from the denial of her motion to disqualify the trial judge hearing this action against a City of Miami Police Officer which stems from the officer’s purported tortious conduct.[1] Lo-max’s underlying complaint recounts how Lomax allegedly was threatened by City of Miami Police Officer Reynolds in a Winn-Dixie supermarket when Lomax came to the defense of a young child, who, according to Lomax, was being yelled at by the officer. Lomax maintains that when she spoke up on the child’s behalf, the officer threatened her. Here, she appeals the denial of her motion to disqualify the trial judge hearing her claim based on the assertion that the trial judge had ruled against her in another proceeding. That declaration standing alone being an insufficient basis for disqualification, we affirm. See Williams v. State, 689 So.2d 393, 396 (Fla. 3d DCA 1997) (“It is well-settled law that a judge’s adverse rulings may not serve as a sufficient basis for recusal.”); Heier v. Fleet, 642 So.2d 669, 670 (Fla. 4th DCA 1994) (“Adverse judicial rulings are not a proper basis for disqualification of the judge.”).
We now add the instant appeal to those numerous appeals filed by Lomax which this Court has found to be wholly without merit and/or in violation of the *564 Florida Rules of Appellate Procedure.[2] Having reviewed the record in this case *565 and the most recent spate of appeals by Lomax, and having given Lomax full opportunity to set out her positions on the merits in many of those cases — all of which we have concluded were unmeritorious and/or in violation of the appellate rules— we now conclude, as have a number of trial judges before us — that Lomax is a vexatious litigant. See Lomax v. Miami-Dade State Attorney’s Office, — So.3d - (Fla. 3d DCA 2013) (3D13-370, affirming a trial court order finding Lomax to be a vexatious litigant and precluding further pro se filings absent first making a meritorious showing before an administrative judge); Lomax v. City of Hialeah Gardens, — So.3d - (Fla. 3d DCA 2013) (affirming consolidated appeals from four orders rendered by four different circuit court judges (3D13-362, 3D13-364, 3D13-369, and 3D13-783) arising out of a single incident at a local Walmart, each order finding Lomax to be a vexatious litigant and precluding further pro se filings).
This determination broadens our prior prohibition on Lomax’s self-representation in this Court, set forth in Lomax v. Bayview Loan Servicing, LLC, 100 So.3d 168 (Fla. 3d DCA 2012):
After consideration of Appellee’s motion to require pro se Appellant to obtain counsel, Appellant’s response thereto, and independent review of Appellant’s multiple filings in this court, we grant Appellee’s motion under Florida Rule of Appellate Procedure 9.410. See also May v. Barthet, 934 So.2d 1184 (Fla.2006) (prohibiting future pro se filings as sanctions for filing frivolous appeals); Jenkins v. Motorola, Inc., 62 So.3d 1210 (Fla. 3d DCA 2011); Sibley v. Sibley, 885 So.2d 980, 985-88 (Fla. 3d DCA 2004). Appellant, Mattie Lomax, is hereby prohibited from filing further pro se proceedings in this court regarding foreclosure and/or eviction from property located at 123 and 1391/2 NW 15 Street, Miami, Florida, unless represented by a member in good standing of the Florida Bar.
Our observations in Sibley v. Sibley, 885 So.2d 980 (Fla. 3d DCA 2004), are directly applicable to the situation at hand. There we observed:
The Florida Supreme Court has said:
Abuse of the legal system is a serious matter, one that requires this Court to exercise its inherent authority to prevent. As we held in Rivera v. State, 728 So.2d 1165, 1166 (Fla.1998): “This Court has a responsibility to ensure every citizen’s access to courts. To further that end, this Court has prevented abusive litigants from continuously filing frivolous petitions, thus enabling the Court to devote its finite resources to those who have not abused the system.”
Although rare, we have not hesitated to sanction petitioners who abuse the legal process by requiring them to be represented by counsel in future actions. In Jackson v. Florida Department of Corrections, 790 So.2d *566 398 (Fla.2001), the sanction of requiring a member of The Florida Bar to sign all of petitioner’s filings with this Court and dismissing all other pending cases was imposed on a litigious inmate who repeatedly filed frivolous lawsuits that disrupted the Court’s proceedings. In Martin v. State, 747 So.2d 386, 389 (Fla.2000), the sanction was imposed against a petitioner who, like Lussy, repeatedly filed lawsuits that included personal attacks on judges, were “abusive,” “malicious,” “insulting,” and demeaning to the judiciary. In Attwood v. Singletary, 661 So.2d 1216 (Fla.1995), the petitioner was sanctioned for filing numerous frivolous petitions, including one that was filed shortly after the Court’s order to show cause was issued.
Like the individual in Attwood, Lus-sy has abused the processes of this Court with his constant filings. Accordingly, a limitation on Lussy’s ability to file would further the constitutional right of access because it would permit this Court to devote its finite resources to the consideration of legitimate claims filed by others. See generally In re McDonald, 489 U.S. 180, 184, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989) (finding that “[ejvery paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution’s limited resources”).
Lussy v. Fourth District Court of Appeal, 828 So.2d 1026, 1027 (Fla.2002); see Slizyk v. Smilack, 734 So.2d 1166 (Fla. 5th DCA 1999); Platel v. Maguire, Voorhis & Wells, P.A., 436 So.2d 303 (Fla. 5th DCA 1983); Shotkin v. Cohen, 163 So.2d 330 (Fla. 3d DCA 1964); see also Safir v. United States Lines, Inc., 792 F.2d 19 (2d Cir.1986).
In Safir the court stated:
[I]n determining whether or not to restrict a litigant’s future access to the courts, [a court] should consider the following factors: (1) the litigant’s history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant’s motive in pursuing the litigation, e.g. does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.
792 F.2d at 24.
Sibley, 885 So.2d at 985-86.
Lomax has served as an unending source of vexatious and meritless litigation both here and below. See note 2. The standards of Lussy have been met, as have the criteria set forth in Safir. Therefore we prohibit Lomax from further self-representation in this Court or in the court below. We direct both the Clerk of this Court and the Clerk of the Eleventh Judicial Circuit in and for Miami-Dade County to reject any further filings by Lomax or on her behalf unless signed by a member in good standing of the Florida Bar. Any other cases that are pending in this Court, or below, in which Lomax is representing herself shall be dismissed unless a notice of appearance signed by a member in good standing of the Florida Bar is filed in each case within thirty days of this opinion becoming final. See Lussy, 828 So.2d at 1028; Sibley, 885 So.2d at 988.
Affirmed, and sanctions ordered.

. Lomax’s complaint in the underlying suit is entitled "PLAINTIFF AMENED [sic] COMPLAINT TORT IN PUBLIC COMMENDATION.”

. Those appeals include:
Lomax v. Capital Rental Agency, Inc., 869 So.2d 562 (Fla. 3d DCA 2004) (stay denied; appeal dismissed)
Lomax v. Capital Rental Agency, Inc., 905 So.2d 140 (Fla. 3d DCA 2005) (mandamus denied)
Lomax v. Capital Rental Agency, Inc., 907 So.2d 1171 (Fla.2005) (appeal dismissed)
Lomax v. Capital Rental Agency, 940 So.2d 436 (Fla. 3d DCA 2006) (appeal dismissed)
Lomax v. Capital Rental Agency Inc., 945 So.2d 521 (Fla. 3d DCA 2006) (affirmed)
Lomax v. Capital Rental Agency, Inc., 954 So.2d 1170 (Fla. 3d DCA 2007) (certiorari denied)
Lomax v. Capital Rental Agency, 957 So.2d 636 (Fla.2007) (mandamus denied)
Lomax v. Procacci Dev. Corp., 937 So.2d 672 (Fla. 3d DCA 2006) (affirmed)
Lomax v. Procacci Dev. Corp., 945 So.2d 1290 (Fla.2006) (review dismissed)
Lomax v. Bayview Loan Servicing, LLC, 79 So.3d 745, 745 (Fla.2012) (dismissal for lack of jurisdiction)
Lomax v. Bayview Loan Servicing, LLC, 91 So.3d 132, 132 (Fla.2012) (dismissal for lack of jurisdiction)
Lomax v. Bayview Loan Servicing, LLC, 84 So.3d 1275, 1275 (Fla. 3d DCA 2012) (affirmed)
Lomax v. Bayview Loan Servicing, LLC, 95 So.3d 236, 236 (Fla. 3d DCA 2012) (affirming order on appeal)
Lomax v. Bayview Loan Servicing, LLC, 103 So.3d 167, 167 (Fla. 3d DCA 2012) (dismissing appeal for failure to secure counsel)
Lomax v. Bayview Loan Servicing, LLC, 104 So.3d 1102, 1102 (Fla. 3d DCA 2012) (dismissing appeal)
Lomax v. Bayview Loan Servicing, LLC, 107 So.3d 405, 405 (Fla.2012) (dismissing for lack of jurisdiction)
Lomax v. Bayview Loan Servicing, LLC, 116 So.3d 1261, 2012 WL 6116133, at *1 (Fla.2012) (dismissal of untimely filed appeal)
Lomax v. Bayview Loan Servicing, — So.3d - (Fla. 3d DCA 2013) (3D13-640, affirming order denying Lomax’s "discriminatory housing practices” claim)
Lomax v. Bayview Loan Servicing, LLC, 116 So.3d 1261, 2013 WL 1943026, at *1 (Fla.2013) (dismissing appeal)
Lomax v. Bayview Loan Servicing, LLC, 118 So.3d 221, 2013 WL 3196536, at *1 (Fla.2013) (dismissing appeal)
Lomax v. Publix Supermkts., Inc., 37 So.3d 312, 312 (Fla. 3d DCA 2010) (affirmed)
Lomax v. Publix Super Mkts., Inc., 48 So.3d 61, 61 (Fla. 3d DCA 2010) (denying mandamus)
Lomax v. Publix Super Mkts. Inc., 83 So.3d 732, 732 (Fla. 3d DCA 2012) (certiorari denied)
Lomax v. Publix Supermkts., Inc., 110 So.3d 441, 2013 WL 599129, at *1 (Fla.2013) (dismissed as untimely)
Lomax v. State, 954 So.2d 1170 (Fla. 3d DCA 2007) (certiorari denied)
Lomax v. State, 2011 WL 781875, at *1 (Fla. 3d DCA Feb.3, 2011) (certiorari denied)
Lomax v. State, 91 So.3d 146, 146 (Fla. 3d DCA 2012) (certiorari denied)
Lomax v. State, 101 So.3d 848, 848 (Fla. 3d DCA 2012) (certiorari denied on the merits; order to show cause for imposition of sanctions for frivolous filings issued)
Lomax v. State, 115 So.3d 1001, 2013 WL 1693680, at *1 (Fla.2013) (dismissed for failure to comply with appellate rules)
Lomax v. State, No. 3D13-366 (Fla. 3d DCA June 3, 2013) (dismissed)
Lomax v. State, - So.3d - (Fla. 3d DCA 2012) (3D13-370, affirming order dismissing action against State stemming from arrest related to incident where Lomax threw hot water on her neighbor)
Twynette [a/k/a Lomax] v. Dri-Velt, Inc., 2013 WL 781618, at *1 (Fla. Feb.28, 2013) (dismissal as untimely)
Lomax v. City of Miami Police Dep't., 115 So.3d 1001, 2013 WL 1406217, at *1 (Fla.2013) (dismissing notice to invoke discretionary jurisdiction)
Lomax v. Taylor, No. 3D13-363 (Fla. 3d DCA June 20, 2013) (claim that a property manager and its attorney conspired to write a memorandum against Lomax’s interests regarding operation of a surveillance camera outside premises where her bicycle was stolen dismissed for lack of jurisdiction)
Lomax v. Miami-Dade Cnty., No. 13-807 (Fla. 3d DCA 2013) (dismissing for lack of jurisdiction an appeal from a County Court order dismissing Lomax's claim against Miami Dade County for the alleged slander by security guards as she waited for a Metro Mover)
Lomax v. City of Miami Police, - So.3d - (Fla. 3d DCA 2013) (No. 3D13-367 affirming order dismissing Lomax's "false imprisonment” claim against police officer and police department relating to Lomax’s arrest for *565 trespass on Florida East Coast Railway property)
Lomax v. City of Miami Police Dep't, - So.3d - (Fla. 3d DCA 2013) (3D13-1232 affirming dismissal of Lomax’s claim against Florida East Coast Railway relating to trespass charges)
Lomax v. City of Hialeah Gardens, - So.3d - (Fla. 3d DCA 2013) (Nos. 3D13-362, 3D 13-364, 3D13-369, 3D13-783 affirming multiple dismissal orders as to multiple defendants in Lomax’s "unlawful public accommodation” claim relating to Lomax’s ejectment from a local Walmart)
Lomax v. Miami-Dade Cnty., No. 3D13-1760, 119 So.3d 452 (Fla. 3d DCA 2013) (denying writ of prohibition seeking recusal of trial judge)