MAY, J.
A borrower appeals a final judgment of foreclosure. She argues, among other issues, that the trial court erred in entering summary judgment because a genuine issue of material fact existed as to whether the bank had standing. On this single issue, we agree with the borrower and reverse and remand.
The borrower executed a mortgage and note to the lender. The mortgage named MERS as the mortgagee, acting as a nominee for the lender and the lender’s successors and assigns. When the borrower defaulted on the note, she was sent a notice of default, informing her that she could cure the default by paying a certain amount that included two months payments plus late fees and interest. The next day, the borrower’s normal payment posted to her account.
The servicer and borrower entered into a “Forbearance to Modification Agreement.” Under the agreement, the servicer agreed to forbear from pursuing foreclosure proceedings and consider a possible loan modification if the borrower made her May, June, and July payments. The borrower timely paid the first two payments, but her July payment was one day late.
*1132 In July, the borrower signed a “Home Affordable Modification Trial Period Plan” (“HAMP trial plan”). The trial period allowed the borrower to make reduced payments for July, August, and September. During that period, the servicer would review the borrower’s eligibility for a loan modification. The HAMP trial plan clearly indicated that the modification was contingent on certain eligibility requirements. If the borrower qualified for a loan modification, she would be sent a fully executed copy of the modification agreement. If she did not qualify, the borrower would be sent a written notice that she did not qualify. The borrower made all three payments late. In January of the following year, the servicer sent the borrower a notice that she did not qualify for the loan modification.
MERS assigned the mortgage to the bank, which filed its verified complaint for foreclosure. The borrower answered the complaint, asserting the bank’s lack of standing and a lack of notice of default, and filed a counterclaim.
The bank moved to dismiss the counterclaim. The trial court granted the motion. The bank then moved for summary judgment and attached copies of: the notice of default, the Forbearance to Modification Agreement, the HAMP trial plan, the letter informing the borrower that she did not qualify for the loan modification, and the borrower’s payment history. The bank also attached an affidavit of a director employed by the servicer, which authenticated the attached documents. The bank filed the original note, which contained a blank indorsement.
The trial court granted the motion for summary judgment and entered a final judgment of foreclosure. The borrower now appeals that judgment.
The borrower argues that the trial court erred in granting summary judgment because the bank failed to refute her affirmative defenses of lack of standing and lack of notice of default. The bank responds that it proved standing through the assignment of mortgage, which was executed before the foreclosure action commenced.
We have de novo review. McLean y. JP Morgan Chase Bank Nat’l Ass’n, 79 So.3d 170, 172 (Fla. 4th DCA 2012) (citing Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126,130 (Fla.2000)).
Summary judgment is appropriate where the pleadings and evidence show “that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Fla. R. Civ. P. 1.510(c). “When a party raises affirmative defenses, ‘a summary judgment should not be granted where there are issues of fact raised by the affirmative defenses which have not been effectively factually challenged and refuted.’ ” Alejandre v. Deutsche Bank Trust Co. Ams., 44 So.3d 1288, 1289 (Fla. 4th DCA 2010) (quoting Cufferi v. Royal Palm Dev. Co., 516 So.2d 983, 984 (Fla. 4th DCA 1987)).
“A crucial element in any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose.” McLean, 79 So.3d at 173. Standing may be established by either an assignment or an equitable transfer of the note and mortgage prior to the filing of the complaint. Id.
Here, the bank filed the original note more than two years after the complaint was filed. The note contained an undated, blank indorsement, which was insufficient to prove standing at the time the complaint was filed. See Green v. JPMorgan Chase Bank, N.A., 109 So.3d 1285, 1288 (Fla. 5th DCA 2013). Therefore, an issue of material fact remained as to when the note was transferred to the bank.
*1133 The bank relies on the “Assignment of Mortgage” from MERS to support standing, but the “assignment of mortgage reflects transfer of only the mortgage, not the note.” Vidal v. Liquidation Props., Inc., 104 So.Sd 1274, 1277 (Fla. 4th DCA 2013). The bank argues that the note followed the mortgage when the mortgage was assigned to the bank. This argument is flawed. The mortgage follows assignment of the note. Taylor v. Bayview Loan Servicing, LLC, 74 So.3d 1115, 1118 (Fla. 2d DCA 2011). But “[a]n assignment of the mortgage without an assignment of the debt creates no right in the assignee.” Vance v. Fields, 172 So.2d 613, 614 (Fla. 1st DCA 1965).
The trial court erred in granting summary judgment because an issue of material fact existed as to when the bank took possession of the note. We And no merit in the other issues raised by the borrower, which include that issues of fact remained concerning the lack of notice of default, waiver, and dismissal of the counterclaim.

Reversed and remanded for proceedings consistent with this opinion.

STEVENSON and GERBER, JJ., concur.