DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MIGUEL TILUS, ALTA TILUS, ROSE A. JOASEUS** and **KESNER JOASEUS,**
Appellants,

v.

**AS MICHAI LLC,**
Appellee.

No. 4D13-3616

[March 11, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Kenneth Stern, Senior Judge; L.T. Case No. 502012CA016433XXXXMB.

Siam J. Joseph, Greenacres, for appellants.

J. Andrew Baldwin and Gabriel Pinilla of The Solomon Law Group, P.A., Tampa, for appellee.

PER CURIAM.

The defendants appeal a final judgment of foreclosure entered after the trial court granted the plaintiff's motion for summary judgment. We reverse because a genuine issue of material fact remains as to whether the plaintiff had standing at the inception of the lawsuit.

The standard of review of an order granting summary judgment is de novo. *Fla. Atl. Univ. Bd. of Trs. v. Lindsey*, 50 So. 3d 1205, 1206 (Fla. 4th DCA 2010).

"The party seeking foreclosure must present evidence that it owns and holds the note and mortgage in question in order to proceed with a foreclosure action." *Lizio v. McCullom*, 36 So. 3d 927, 929 (Fla. 4th DCA 2010). The plaintiff must prove that it had standing to foreclose at the time the lawsuit was filed. *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012).

Where the plaintiff files the original note after filing suit, an undated blank endorsement on the note is insufficient to prove standing at the time the initial complaint was filed. *Bristol v. Wells Fargo Bank, Nat'l Ass'n*, 137 So. 3d 1130, 1132 (Fla. 4th DCA 2014). Moreover, an assignment of mortgage, even if executed before the foreclosure action commenced, is insufficient to prove standing where the assignment reflects transfer of only the mortgage, not the note. *Id.* at 1133. The mortgage follows the assignment of the promissory note, but an assignment of the mortgage without an assignment of the debt creates no right in the assignee. *Id.*

Here, the plaintiff's documents failed to demonstrate that the plaintiff had standing to foreclose at the time it originally filed suit. The undated blank endorsement on the original note, which was filed over a month after the plaintiff initially brought suit, was insufficient to prove that the plaintiff had standing to enforce the note at the inception of the lawsuit. Likewise, the "Assignment of Mortgage" from DLJ Mortgage Capital to the plaintiff reflected a transfer of only the mortgage, not the note. Because there was no proof that the plaintiff was entitled to enforce the note when it filed the initial complaint, the Assignment of Mortgage to the plaintiff was insufficient to establish the plaintiff's standing at the inception of the case. Thus, a genuine issue of material fact still exists as to when the plaintiff took possession of the note.

We reverse the final judgment of foreclosure and remand for further proceedings. In light of this disposition, we decline to address the defendants' other arguments for reversal.

*Reversed and Remanded.*

GROSS, TAYLOR and LEVINE, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

2