DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MIGUEL TILUS, ALTA TILUS, ROSE A. JOASEUS** and **KESNER JOASEUS,**
Appellants,

v.

**AS MICHAI LLC,**
Appellee.

No. 4D13-3616

[ April 8, 2015 ]

***ON REHEARING SUA SPONTE***

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Kenneth Stern, Judge; L.T. Case No. 502012CA016433XXXXMB.

Siam J. Joseph, Greenacres, for appellants.

J. Andrew Baldwin and Gabriel Pinilla of The Solomon Law Group, P.A., Tampa, for appellee.

PER CURIAM.

We *sua sponte* withdraw our previous opinion and issue the following in its place.

The defendants appeal a final judgment of foreclosure entered after the trial court granted the plaintiff's motion for summary judgment. We reverse because a genuine issue of material fact remains as to whether the plaintiff had standing at the inception of the lawsuit.

The standard of review of an order granting summary judgment is de novo. *Fla. Atl. Univ. Bd. of Trs. v. Lindsey*, 50 So. 3d 1205, 1206 (Fla. 4th DCA 2010).

The plaintiff must prove that it had standing to foreclose at the time the lawsuit was filed. *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012). We clarify, however, that under the Uniform

Commercial Code, a plaintiff is not required to be *both* the owner and holder of the note in order to have standing to foreclose.[1] *See Wells Fargo Bank, N.A. v. Morcom*, 125 So. 3d 320, 322 (Fla. 5th DCA 2013) ("Appellees cite Florida Supreme Court precedent dating back to the late 1800s to suggest Appellant must both hold and own the note and mortgage to satisfy the standing requirement for a foreclosure action. The cases Appellees cite are not persuasive because the supreme court decided the cases prior to the adoption of the now-instructive and binding Florida UCC.").

Instead, the plaintiff may establish standing by showing that it owns or holds the note, or is otherwise entitled to enforce the note. *See Vidal v. Liquidation Props., Inc.*, 104 So. 3d 1274, 1276 (Fla. 4th DCA 2013) (explaining that "the one who owns or holds the note is entitled to foreclose"); *Mazine v. M & I Bank*, 67 So. 3d 1129, 1131 (Fla. 1st DCA 2011) ("[T]he person having standing to foreclose a note secured by a mortgage may be . . . a nonholder in possession of the note who has the rights of a holder."); § 673.3011, Fla. Stat. (2012) (identifying persons entitled to enforce an instrument under the UCC, and explaining that "[a] person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument").

Where the plaintiff files the original note after filing suit, an undated blank endorsement on the note is insufficient to prove standing at the time the initial complaint was filed. *Bristol v. Wells Fargo Bank, Nat'l Ass'n*, 137 So. 3d 1130, 1132 (Fla. 4th DCA 2014). Moreover, an assignment of mortgage, even if executed before the foreclosure action commenced, is insufficient to prove standing where the assignment reflects transfer of only the mortgage, not the note. *Id.* at 1133. The mortgage follows the assignment of the promissory note, but an assignment of the mortgage without an assignment of the debt creates no right in the assignee. *Id.*

Here, the plaintiff's documents failed to demonstrate that the plaintiff had standing to foreclose at the time it originally filed suit. The undated

---

[1] We acknowledge that there is some imprecise language in previous opinions stating that a party seeking foreclosure must prove that it owns *and* holds the note. *See, e.g., Lizio v. McCullom,* 36 So. 3d 927, 929 (Fla. 4th DCA 2010) ("The party seeking foreclosure must present evidence that it owns and holds the note and mortgage in question in order to proceed with a foreclosure action.") (citing *Verizzo v. Bank of N.Y.*, 28 So. 3d 976, 978 (Fla. 2d DCA 2010)). However, this language was never intended to set forth the exclusive method by which a plaintiff may establish its standing in a foreclosure action.

blank endorsement on the original note, which was filed over a month after the plaintiff initially brought suit, was insufficient to prove that the plaintiff had standing to enforce the note at the inception of the lawsuit. Likewise, the "Assignment of Mortgage" from DLJ Mortgage Capital to the plaintiff reflected a transfer of only the mortgage, not the note. Because there was no proof that the plaintiff was entitled to enforce the note when it filed the initial complaint, the Assignment of Mortgage to the plaintiff was insufficient to establish the plaintiff's standing at the inception of the case. Thus, a genuine issue of material fact still exists as to when the plaintiff took possession of the note.

We reverse the final judgment of foreclosure and remand for further proceedings. In light of this disposition, we decline to address the defendants' other arguments for reversal.

*Reversed and Remanded.*

GROSS, TAYLOR and LEVINE, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**