IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

TERRY A. KELLY AND LISA
LOVINGOOD KELLY,

      Appellants,

v.

BANK OF NEW YORK
MELLON, FKA THE BANK OF
NEW YORK AS TRUSTEE FOR
CWALT INC., ALTERNATIVE
LOAN TRUST 2007-25
MORTGAGE PASS THROUGH,
CERTIFICATE SERIES 2007-25,

      Appellee.
_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-2778

Opinion filed July 14, 2015.

An appeal from the Circuit Court for Duval County.
Aaron K. Bowden, Judge.

Lisa Lovingood Kelly, pro se, for Appellants.

Nancy M. Wallace of Akerman, LLP, Tallahassee, William P. Heller of Akerman,
LLP, Fort Lauderdale, and Joseph S. Troendle of Akerman, LLP,  Jacksonville, for
Appellee.

PER CURIAM.

      Appellants claim the trial court erred in entering a final judgment of

foreclosure in favor of appellee after a nonjury trial because appellee failed to

establish it had standing to bring the foreclosure action. When they challenged appellee's standing below, appellants correctly noted that appellee did not file the original note bearing an undated blank endorsement until after the filing of the complaint. "Where the plaintiff files the original note after filing suit, an undated blank endorsement on the note is insufficient to prove standing at the time the initial complaint was filed." Tilus v. AS Michai LLC, 161 So. 3d 1284, 1286 (Fla. 4th DCA 2015). Thus, "[w]hen a plaintiff asserts standing based on an undated endorsement of the note, it must show that the endorsement occurred before the filing of the complaint through additional evidence, such as the testimony of a litigation analyst." Lloyd v. Bank of N.Y. Mellon, 160 So. 3d 513, 515 (Fla. 4th DCA 2015).

The only additional evidence offered by appellee on this issue came from Natasha Moodie, a mortgage resolution associate for a prior servicer of the loan, who testified that appellee was the holder of the note based on her review of the loan servicer's records. She also testified that the loan servicer's routing history showed the "collateral file" was sent to appellee's foreclosure counsel prior to the filing of the complaint. When appellee sought to offer into evidence a copy of the collateral file routing history, the trial court sustained appellants' objection and stated, "I don't see the probative value." Because Moodie's testimony did not establish the note had been endorsed at the time of the filing of the complaint,

appellee failed to establish it had standing to foreclose when it filed the complaint. See Kiefert v. Nationstar Mortg., LLC, 153 So. 3d 351 (Fla. 1st DCA 2014) (holding that the successor plaintiff in a mortgage foreclosure action failed to establish the original plaintiff had standing to foreclose when it filed the foreclosure complaint where the testimony established only that the original plaintiff was in possession of the note at the time the complaint was filed, not that the note had been endorsed at that time, even though the successor plaintiff subsequently acquired the note endorsed in blank). Accordingly, we must reverse the final judgment of foreclosure. Id.

REVERSED.

RAY, SWANSON, and MAKAR, JJ., CONCUR.