LEWIS, J.
Appellant, Prapapun Kyser, appeals the Final Judgment for Foreclosure entered in favor of Appellee, Bank of America, Ñ.A., arguing that Appellee lacked standing to bring the foreclosure action against her pursuant to a mortgage where Countrywide Home Loans, Inc. was the lender. We agree and, therefore, reverse.
We review the sufficiency of the evidence to prove standing to bring a foreclosure action de novo. Pennington v. Ocwen Loan Servicing, LLC, 151 So,3d 52, 53, (Fla. 1st DCA 2014). A plaintiff who is not the original lender may establish standing to foreclose by submitting a note with a blank or special endorsement, an assignment of the note,, or an affidavit otherwise proving its status as holder of the note. Id. Standing must be established at the time of the filing of the foreclosure action, and a bank must also have standing at the time a final judgment is entered. Id.
In this case, the promissory note attached to -the foreclosure complaint did not contain any' endorsements. Although Appellee subsequently filed what it represented ¡ to be the original mortgage and note and although- its witness confirmed during the bench trial that a blank en- *60 dorsemént was included on the back of one of the pages of the note, we have explained, “‘Where the plaintiff files the original note after filing suit, an undated blank endorsement on the note is insufficient to prove standing at the time the initial complaint was filed.’ ” Kelly v. Bank of N.Y. Mellon, 170 So.3d 145, 146 (Fla. 1st DCA 2015) (citation omitted). When a plaintiff asserts its standing based on an undated endorsement of the note, it has to show that the endorsement occurred before the filing of the complaint through additional evidence, such as the testimony of a litigation analyst. Id. (reversing the foreclosure judgment because the mortgage resolution associate for a prior servi-cer of the loan at'issue, who testified that the appellee was the holder of the note based on her review of the loan servicer’s records, did not establish that the note had been endorsed at the time of the filing of the complaint).
Moreover, while Appellee attached an Assignment "of Mortgage to its Complaint, that assignment made'no mention or reference to the promissory note. “[A]n assignment of mortgage, even if executed before the foreclosure action commenced, is insufficient to prove standing where the assignment reflects transfer of only the mortgage, not the note.” Tilus v, AS Michai LLC, 161 So.3d 1284, 1286 (Fla. 4th DCA 2015) (holding that the plaintiffs documents failed to demonstrate standing to foreclose where the undated blank endorsement on the original note, which was filed over a month after the suit was filed, was insufficient to prove standing and where the assignment reflected only an assignment of the mortgage, not the note); see also Lamb v. Nationstar Mortg., LLC, 174 So.3d 1039, 104L(Fla. 4th DCA 2015) (bolding that the appellee did not prove its standing to enforce the note through evidence of an assignment because the assignment assigned only the mortgage and noting that while its witness testified that the appellee acquired Aurora, the witness did not testify that the appel-lee acquired the particular note which bore a special endorsement to Aurora); Bristol v. Wells Fargo Bank, Nat’l Ass’n, 137 So.3d 1130, 1132-33 (Flá. 4th DCA 2014) (“Here, the bank filed the original note more than two years after the complaint was filed. The note contained an undated, blank indorsement, which was insufficient to prove standing at the time the complaint was filed.... The bank relies on the ‘Assignment of Mortgage’ ... to support standing, but the ‘assignment of mortgage reflects transfer of only the mortgage, not the note.’ ”) (Citation omitted); Lindsey v. Wells Fargo Bank, N.A., 139 So.3d 903, 906 (Fla. 1st DCA 2013) (reversing the summary judgment entered in favor of the appellee where 'the original note named Option One, not the appellee, as the lender, the original note was not endorsed in blank or otherwise assigned to the appel-lee, and the assignment applied only to the mortgage, not the note),
During the bench trial, Appellee’s witness testified on cross-examination that she believed Appellee came into possession of the original mortgage and promissory note in 2005 when the mortgage was executed. Importantly, however, the witness did not know when the blank endorsement was affixed to the note. “[A] plaintiff must prove not only physical possession of the original note but also, if the plaintiff is not the named payee, possession of the original note endorsed in favor of the plaintiff or in blank.... If the foreclosure plaintiff is not the original, named payee, the plaintiff must establish that the note was endorsed (either in favor of the original plaintiff or in blank) before the filing of the complaint in order to prove standing as a holder.” Kiefert v. Nationstar Mortg., *61 LLC, 153 So.3d 351, 353 (Fla. 1st DCA 2014) (holding that the appellee failed to establish that the original plaintiff, Aurora Loan Services, LLC, had standing to foreclose and noting that while the appellants’ counsel pressed the appellee’s witness concerning his knowledge, if any, of when the note had been endorsed, the witness’s “testimony established only that Aurora was in possession of the note at the time the complaint was filed, not that the note had been endorsed at the time the complaint was filed”); see also Sosa v. U.S. Bank Nat’l Ass’n, 153 So.3d 950, 951-52 (Fla. 4th DCA 2014) (holding that the appellee failed to establish standing to foreclose where the original note and the allonge to the note were filed after the foreclosure complaint and each contained undated special endorsements and where the appel-lee’s analyst never stated when the appel-lee became the owner of the note and explaining that “[although the analyst testified that [the appellee’s servicer] came into possession of the note prior to filing the foreclosure action, such testimony is not dispositive as it is still unclear when [the appellee], through the placement of the special endorsement, became the owner of the note”). Cf. Seidler v. Wells Fargo Bank, N.A., 179 So.3d 416, 420 (Fla. 1st DCA 2015) (explaining that a dated blank endorsement constituted evidence to support a finding that the note- became payable to the bearer and thus enforceable via possession alone- over two years prior to the filing of the foreclosure complaint); Peuguero v. Bank of Am., N.A., 169 So.3d 1198, 1203 (Fla. 4th DCA 2015) (holding that the bank established standing to sue and noting that ‘‘the witness responded in the affirmative to a cross-examination inquiry as to whether the endorsements on the allonge were ‘definitely put on before the filing of the complaint’ ” and that she testified that Countrywide owned and held the note when the complaint was filed and that its policy was to have notes endorsed before foreclosure complaints are filed). While Appellee’s witness also testified that Appellee and Countrywide merged, she gave no testimony that Appellee acquired all or any of Countrywide’s assets. See Fiorito v. JP Morgan Chase Bank, Nat’l Ass’n, 174 So.3d 519, 521-22 (Fla. 4th DCA 20Í5) (holding that the appellee failed to-establish standing to sue for foreclosure where the bank officer testified that the appellee merged with “WAMU” but never testified that the appellee acquired all of WAMU’s assets).
. Accordingly, because Appellee failed to establish that it had standing to file the foreclosure case against Appellant, we -reverse the Final Judgment for Foreclosure.
REVERSED.
SWANSON and WINOKUR, JJ., concur.