# Third District Court of Appeal

## State of Florida

Opinion filed August 15, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-352
Lower Tribunal No. 13-29724
_____

**Aquasol Condominium Association, Inc.,**
Appellant,

vs.

**HSBC Bank USA, National Association, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Michael Hanzman and Rodolfo A. Ruiz, Judges.

Jacobs Legal, PLLC, and Bruce Jacobs, for appellant.

DeLuca Law Group, PLLC, and Shawn Taylor (Fort Lauderdale), for appellee.

Before LAGOA, EMAS and FERNANDEZ, JJ.

EMAS, J.

**INTRODUCTION**

Appellant, Aquasol Condominium Association, Inc. ("Aquasol"), appeals from a final judgment of foreclosure in favor of appellee, HSBC Bank USA, N.A. ("HSBC"), following a nonjury trial. We affirm, finding no merit in the issues raised by appellant, and write to discuss two of those issues.

**PROCEEDINGS BELOW**

In September 2013, HSBC filed an action to foreclose on a condominium unit in the Aquasol Condominium in Miami Beach.[1] In January 2017, the case proceeded to a nonjury trial. At trial, there was no dispute that at the time it filed the instant action, HSBC was the holder of the note that was secured by a mortgage. HSBC introduced, without objection, the original note, which was in HSBC's possession at the inception of the action.[2]

Nevertheless, Aquasol contended during the trial that HSBC Bank could not establish standing to foreclose because it was required to prove it was the holder *and* owner of the note. After hearing Aquasol's position in this regard, the trial court rejected the argument, advising counsel that under the law, HSBC was not

---

[1] At the time that HSBC filed its foreclosure action, the unit had already been foreclosed upon by Aquasol, and thus, Aquasol defended the action.

[2] Further, the evidence introduced at trial established that the original note came into HSBC's possession indorsed in blank, and that HSBC subsequently indorsed the note to itself. See § 673.2051(3), Fla. Stat. (2013) (providing: "The holder may convert a blank indorsement that consists only of a signature into a special indorsement by writing, above the signature of the indorser, words identifying the person to whom the instrument is made payable.")

required to establish it was the owner *and* holder of the note in order to establish standing, but must only establish that it was the holder *or* owner of the note.

Nevertheless, counsel for Aquasol[3] continued to press this position, and repeatedly attempted to question one of HSBC's witnesses about whether HSBC owned the note. HSBC objected to the questions as irrelevant and the trial court sustained the objections and directed Aquasol's counsel to move on to a new line of questioning. Aquasol's counsel persisted nonetheless, through argument to (and with) the trial court and questions posed to the witness. The trial court advised counsel that the line of questioning was irrelevant, that the record had been preserved, and that if counsel continued this line of questioning, he would be held in contempt.

At that point, Aquasol's counsel orally moved for a continuance so he could prepare a written motion for disqualification of the trial judge, contending that the trial judge had "prejudged" the case. The trial judge denied the request for a continuance at that point, but took a recess shortly thereafter, advising Aquasol's counsel he could prepare and submit a written motion for disqualification, and that the trial court would address the written motion when the trial resumed. When the trial judge returned to the bench, Aquasol's counsel requested some additional time to complete the motion, which the trial court granted, and then denied a subsequent

---

[3] Counsel for Aquasol in this appeal also represented Aquasol at the trial.

3

request for further additional time. Thereafter, the written motion was presented to the trial judge, who denied it as legally insufficient.

The trial proceeded to conclusion, and the trial court entered a final judgment of foreclosure in favor of HSBC, determining, inter alia, that HSBC had the requisite standing.[4] Aquasol filed a motion for rehearing; however, that motion did not address in any fashion the trial court's mid-trial denial of Aquasol's motion for disqualification or denial of the motion for continuance.

**DISCUSSION AND ANALYSIS**

**1.  The Motion for Disqualification**

On appeal, Aquasol asserts that the trial court erred in denying its motion for disqualification. Generally, we review de novo a trial court's order denying a motion for disqualification. Gregory v. State, 118 So. 3d 770, 778 (Fla. 2013). To the extent that Aquasol asserts error in the trial court's denial of its motion for continuance or for further additional time (to prepare a written motion) we review this claim for an abuse of discretion. See Taylor v. Mazda Motor of Am., Inc., 934 So. 2d 518 (Fla. 3d DCA 2005).

A motion to disqualify a trial judge is properly denied where it is legally insufficient. Thompson v. State, 759 So. 2d 650, 659 (Fla. 2000). In order to be legally sufficient, "a motion to disqualify a judge 'must be well-founded and

---

[4] Aquasol moved for an involuntary dismissal based on an asserted lack of standing, which the trial court denied.

4

contain facts germane to the judge's undue bias, prejudice, or sympathy.'" Id. (quoting Rivera v. State, 717 So. 2d 477, 480-81 (Fla. 1998)). Of significance, "an adverse ruling is not a legally sufficient ground to disqualify the trial judge." Id. at 660. See also, Lomax v. Reynolds, 119 So. 3d 562 (Fla. 3d DCA 2013); Clark v. Clark, 159 So. 3d 1015 (Fla. 1st DCA 2015) (noting: "It is well-settled that adverse rulings are insufficient to show bias"); Campbell Soup Co. v. Roberts, 676 So. 2d 435 (Fla. 2d DCA 1995).

In the instant case, there was no dispute—and Aquasol conceded—that HSBC Bank was the holder of the note at the inception of the case. Thus, there was nothing in this regard for the trial court to "prejudge," as the parties were in agreement on this singular operative fact. The trial court's conclusion that one's status as a holder of the note is sufficient to confer standing was a legal determination made by the trial court after hearing significant argument from Aquasol's counsel, not a factual determination made prior to presentation of the evidence. Accordingly, Aquasol's motion to disqualify the trial judge was legally insufficient because it was premised on nothing more than its disagreement with an adverse legal ruling, and failed to establish that the court's actions "would create in a reasonably prudent person a well-founded fear of not receiving a fair and impartial trial." Rodriguez v. State, 919 So. 2d 1252, 1274 (Fla. 2005).

Further, the trial court did not abuse its discretion in denying a continuance to Aquasol. At the beginning of the trial, the trial court had a discussion with counsel for both parties regarding the legal issue of whether HSBC had standing if it was only the holder (but not the owner) of the note. As discussed previously, the trial court addressed this legal issue and stated its conclusion on the record. Thereafter, when Aquasol's counsel began asking questions of HSBC's witness that went to ownership of the note, HSBC objected to the questions as irrelevant. The trial court sustained the objections, as Aquasol had already conceded HSBC was the holder of the note at inception, and the trial court determined that, as a matter of law, this was sufficient to establish standing.

Nevertheless, Aquasol's counsel insisted on circling back to the legal determination previously made by the court, and persisted in pursuing the same line of questioning deemed irrelevant by the court. After the trial court sustained several more objections to this line of questioning, and advised counsel to stop pursuing this line of questioning (under pain of contempt),[5] the following exchange took place:

---

[5] We commend the trial court for the patience it exhibited before resorting to the threat of sanctions. Though the transcript is but a cold record, it nevertheless reveals the heat (rather than light) brought by Aquasol's counsel, who continued to defy the trial court's previous rulings, continued to reargue legal positions previously decided, and continued to pursue a line of questioning ruled irrelevant. An attorney is not entitled to defy a court's ruling merely because he thinks it incorrect, and can be held in contempt for such conduct even if it turns out the trial court's ruling was erroneous. Rubin v. State, 490 So. 2d 1001, 1003 (Fla. 3d DCA

MR. JACOBS [counsel for Aquasol]: I'm just putting on the record, Your Honor, that I asked the Court to consider whether the Court has already pre-judged the case and has already decided the issues before hearing all the evidence and hearing all the facts, before hearing all my arguments, which, I think, the fact that Your Honor –

THE COURT: What is your motion, Mr. Jacobs?

MR. JACOBS: I'm asking the Court to continue this trial so that I can file a proper motion for disqualification, and I do that with a heavy heart—

THE COURT: Okay, your motion's denied. Do you have any further questions for this witness?

MR. JACOBS: I'm laying the record, please, Your Honor. The Florida Supreme Court instructs that when a lawyer makes a motion to disqualify a judge, **because that motion must be in writing, I cannot make that motion for disqualification orally. I have to go back to my office, I have to prepare it,** it has to be signed by the client, and then I can submit it to the Court, and if the Court finds that it's legally sufficient, or that it is legally sufficient on its face, then it must be granted.

THE COURT: Your motion for continuance is denied.

(Emphasis added.)

---

1986) (holding: "It is well settled in this state, and elsewhere, that where a court acting with proper jurisdiction and authority renders an order, an aggrieved party's failure to abide by the order may be punished by contempt even if the order is ultimately found to be erroneous"); Ward v. State, 354 So. 2d 438, 439 (Fla. 3d DCA 1978) (holding: "The orderly conduct of a trial requires that a defendant and his attorney obey the rulings of the trial judge and appeal those rulings which are objectionable. A refusal to obey the rulings of the trial judge on the ground that the ruling is improper may result in the inability of the courts to administer justice.")

7

Aquasol contends that, because counsel is not permitted to make an oral motion for disqualification during trial, the trial court was required to grant a continuance to allow him to file a written motion. Aquasol's premise is incorrect, however, as this very circumstance is expressly provided for in Florida Rule of Judicial Administration 2.330(e):

> A motion to disqualify shall be filed within a reasonable time not to exceed 10 days after discovery of the facts constituting the grounds for the motion and shall be promptly presented to the court for an immediate ruling. **Any motion for disqualification made during a hearing or trial** must be based on facts discovered during the hearing or trial and **may be stated on the record, provided that it is also promptly reduced to writing** in compliance with subdivision (c) and promptly filed. A motion made during hearing or trial shall be ruled on immediately.[6]

(Emphasis added.)

Aquasol did not make an oral motion for disqualification, instead requesting a continuance of the trial to prepare a written motion. When the trial court denied the motion for continuance, Aquasol's counsel should have, pursuant to the rule, orally stated its motion for disqualification on the record. And although the requested continuance was denied at that point, the trial court shortly thereafter recessed the trial and advised counsel that he could take that opportunity to put his

---

[6] This provision, permitting an oral motion for disqualification during trial or hearing, was added by a 2003 amendment to the rule, see Amendments to the Florida Rules of Judicial Admin. (2-Year Cycle), 851 So. 2d 698 (Fla. 2003), rendering inapposite the pre-amendment cases relied upon by Aquasol.

motion in writing and file it with the court. Upon returning to the bench to resume the trial, the trial court permitted counsel additional time to complete the written motion. Aquasol's counsel requested further additional time, which the trial court denied, and we find no abuse of discretion in the trial court's decision. Upon our review of the record, we conclude that Aquasol's counsel was given a reasonable opportunity to make an oral motion for disqualification (which he did not do) and was given a reasonable opportunity to prepare and file a written motion for disqualification (which he did do and which was properly determined to be legally insufficient). We further note that Aquasol never filed a supplement to its written motion for disqualification, and in its motion for rehearing before the trial court, and its briefs on appeal, Aquasol failed to allege how it was prejudiced by the trial court's denial of further additional time, and failed to proffer what other allegations it would have included in its written motion if allotted such further additional time.

### 2. HSBC's Standing to Foreclose

This brings us to the corollary issue raised by Aquasol on appeal: that HSBC, as holder of the note, lacked standing to foreclose because it was not the holder *and* owner of the note. We review this question de novo. Sosa v. Safeway Premium Fin. Co., 73 So. 3d 91 (Fla. 2011); Wells Fargo Bank, N.A. v. Morcom, 125 So. 3d 320 (Fla. 5th DCA 2013). We conclude, as this court and our sister

courts have previously held, that HSBC had standing to foreclose if at the time of filing the action it was the holder *or* owner of the note.

We begin by pointing out that this issue was recently addressed by this court in HSBC Bank USA, N.A. v. Buset, 241 So. 3d 882 (Fla. 3d DCA 2018). In its briefs, however, Aquasol has failed even to acknowledge, much less address, the Buset opinion.[7] This is all the more curious given the fact that counsel for Aquasol was also counsel of record for Buset in that appeal, so it is difficult to fathom how this failure could be attributed to mere oversight. We take this opportunity to remind Aquasol's counsel that the Rules of Professional Conduct mandate candor toward the tribunal. See Rule Regulating the Florida Bar 4-3.3(a)(3), which provides that "[a] lawyer shall not knowingly . . . fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." See Dilallo v. Riding Safely, Inc., 687 So. 2d 353, 355 (Fla. 4th DCA 1997) (observing that "the Rules of Professional Conduct of the Florida Bar require candor toward the tribunal, and a duty of competence. Rule 4–1.1 and Rule 4–3.3(3) imply a duty to know and disclose to the court adverse legal authority.")

---

[7] Our opinion in Buset was released on January 7, 2018. The initial brief in the instant appeal was filed on April 10, 2018. The reply brief was filed on June 18, 2018. Although Buset was still pending rehearing at the time, it nevertheless was binding precedent, and Aquasol was duty-bound to cite it. See Rock v. State, 800 So. 2d 298 (Fla. 3d DCA 2001); Kraay v. State, 148 So. 3d 789 (Fla. 1st DCA 2014).

See also Lieberman v. Lieberman, 160 So. 3d 73 (Fla. 4th DCA 2014) (awarding appellate attorney's fees as a sanction for counsel's failure to acknowledge clear and unambiguous controlling case law directly adverse to his client's position, resulting in unnecessary and protracted litigation).

Our opinion in Buset was issued just three days before trial commenced in the instant case. In fact, Aquasol's counsel took the same position he urged in Buset, contending that HSBC was required to prove it held and owned the note. The trial court then correctly noted our recent rejection of that argument:

> MR. JACOBS: It has been the law since the late 1800s, Florida Supreme Court precedent says that you must prove you own and hold the note and mortgage. And that law has been shifted, I think, in an unconstitutional way in foreclosures.
>
> THE COURT: You'll preserve that for appeal because our appellate court just said [in Buset] you either have to own or hold the note.

As the trial court accurately noted, we held in Buset, 241 So. 3d at 888-89:

> Because a foreclosure case is an action to enforce a negotiable instrument, standing in a foreclosure case is not based upon ownership of the note; it is based instead on whether the plaintiff is a "person entitled to enforce." § 673.3011. The term "person entitled to enforce" is a technical, defined term in all versions of the Uniform Commercial Code, including Florida's. Id. An entity may qualify as a "person entitled to enforce" for several reasons, but the most common reason is that the entity is "the holder of the instrument." Id. In a case where the plaintiff is asserting standing based upon its status as a "person entitled to enforce" because it is the holder of the

11

instrument, proof of who owns the note is not necessary or even relevant to the issue of standing. Id. ("A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.")

Proof of who owns the note, such as a chain of title, may be relevant to a dispute where a person claims his or her ownership interest trumps the interest of the holder, but the borrower cannot make this argument on its own; instead, the person making that claim must be "joined in the action and personally assert[ ] the claim against the person entitled to enforce the instrument." § 673.3051(3). Even then, ownership is not relevant to standing so much as the question of who is the ultimate beneficial owner of the proceeds of the foreclosure, an issue not normally or necessarily part of a foreclosure case. (Footnote omitted).

Our decision in Buset is consistent with the decisions of our sister courts. See e.g., Wilmington Savings Fund Society, FSB v. Louissaint, 212 So. 3d 473, 475-76 (Fla. 5th DCA 2017)(holding: "'A person entitled to enforce the note and foreclose on a mortgage is the holder of the note, a non-holder in possession of the note who has the rights of a holder, or a person not in possession of the note who is entitled to enforce under section 673.3091, Florida Statutes.'" (quoting Gorel v. Bank of N.Y. Mellon, 165 So.3d 44, 46 (Fla. 5th DCA 2015))) "'If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a "blank indorsement." When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.'" (citing § 673.2051(2), Fla. Stat. (2015)). "'[U]nder the

Uniform Commercial Code, a plaintiff is not required to be both the owner and holder of the note in order to have standing to foreclose'" (quoting Tilus v. AS Michai, LLC, 161 So. 3d 1284, 1285-86 (Fla. 4th DCA 2015))); Phan v. Deutsche Bank Nat. Trust Co., ex rel. First Franklin Mortg. Loan Trust 2006-FF11, 198 So. 3d 744 (Fla. 2d DCA 2016); Meilleur v. HSBC Bank USA, N.A., 194 So. 3d 512 (Fla. 4th DCA 2016); Tilus, 161 So. 3d at 1285-86 (holding: "The plaintiff must prove that it had standing to foreclose at the time the lawsuit was filed. We clarify, however, that under the Uniform Commercial Code, a plaintiff is not required to be both the owner and holder of the note in order to have standing to foreclose. Instead, the plaintiff may establish standing by showing that it owns or holds the note, or is otherwise entitled to enforce the note" (internal citations and footnote omitted)); Murray v. HSBC Bank USA, 157 So. 3d 355 (Fla. 4th DCA 2015); Lewis v. J.P. Morgan Chase Bank, 138 So. 3d 1212 (Fla. 4th DCA 2014); Stone v. BankUnited, 115 So. 3d 411 (Fla. 2d DCA 2013); U.S. Bank Nat. Ass'n v. Knight, 90 So. 3d 824, 826 (Fla. 4th DCA 2012)(observing: "Thus, to have standing, an owner or holder of a note, indorsed in blank, need only show that he possessed the note at the institution of a foreclosure suit; the mortgage necessarily and equitably follows the note."); McLean v. JP Morgan Chase Bank Nat'l Ass'n, 79 So. 3d 170 (Fla 4th DCA 2012); Riggs v. Aurora Loan Servs., LLC, 36 So. 3d 932 (Fla. 4th DCA 2010); Mazine v. M & I Bank, 67 So. 3d 1129, 1131 (Fla. 1st

DCA 2011) ("Because a promissory note is a negotiable instrument and because a mortgage provides the security for the repayment of the note, the person having standing to foreclose a note secured by a mortgage may be either the holder of the note or a nonholder in possession of the note who has the rights of a holder."); Taylor v. Deutsche Bank Nat. Trust Co., 44 So. 3d 618 (Fla. 5th DCA 2010).

In support of its position, Aquasol relies upon Florida Supreme Court decisions from the late 1800's and early 1900's. As our sister courts have done, we reject this argument, as those decisions were based upon the then-existing common law, long before the Legislature's adoption of the Florida Uniform Commercial Code, including Chapter 673 (entitled "Uniform Commercial Code: Negotiable Instruments"), which governs the issue presented. See, e.g., Morcom, 125 So. 3d at 322 (noting: "Appellees cite Florida Supreme Court precedent dating back to the late 1800s to suggest Appellant must both hold and own the note and mortgage to satisfy the standing requirement for a foreclosure action. The cases Appellees cite are not persuasive because the supreme court decided the cases prior to the adoption of the now-instructive and binding Florida UCC"); Tilus, 161 So. 3d at 1286.

Affirmed.