DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SUSAN LLOYD** and **JAMES LLOYD,**
Appellants,

v.

**THE BANK OF NEW YORK MELLON** f/k/a THE BANK OF NEW YORK,
as Trustee for the Certificate Holders of CWABS, INC., Asset-Backed
Certificates, Series 2006-6,
Appellee.

No. 4D13-3799

[March 25, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm
Beach County; Kenneth D. Stern, Judge; L.T. Case No. 502009CA
032165AW.

Bonnie S. Satterfield, Coral Springs, for appellants.

David W. Rodstein of Padula Hodkin, PLLC, Boca Raton, for appellee.

KLINGENSMITH, J.

Susan and James Lloyd ("Defendants") executed a mortgage agreement
and a promissory note with ACCU Funding Corporation ("ACCU") for a
loan, but later defaulted on their mortgage by failing to make any
payments. The Bank of New York Mellon f/k/a The Bank of New York, as
Trustee for the Certificate Holders of CWABS Inc., Asset-Backed
Certificates, Series 2006-6 ("Plaintiff") filed its complaint against
Defendants containing one count for foreclosure of the mortgage and one
count to enforce a lost instrument. Defendants claim the Plaintiff failed to
prove standing to bring this action. We agree.

A copy of the mortgage agreement between Defendants and ACCU was
attached to the complaint, along with a copy of the promissory note
bearing an undated blank endorsement from ACCU. Before trial, the
Plaintiff filed the original promissory note with the court. The endorsement
in blank on the version of the note filed with the initial complaint was

altered on the second version of the note, to reflect an endorsement from ACCU to Countrywide Bank, N.A.[1]

Along with the original note, Plaintiff filed an assignment of mortgage from ACCU to Plaintiff dated one month after suit was filed, although the document also stated that the assignment was intended to "relate back" to the month preceding Plaintiff's filing of the initial complaint. The trial court ruled that Plaintiff had standing to file the lawsuit, and entered a final judgment of foreclosure in favor of Plaintiff. We review the sufficiency of the evidence to prove standing to bring a foreclosure action *de novo*. *Boyd v. Wells Fargo Bank, N.A.*, 143 So. 3d 1128, 1129 (Fla. 4th DCA 2014).

"A crucial element in any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose." *See McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012). Standing must exist at the time the foreclosure suit is filed. *Id.; see also Vidal v. Liquidation Props., Inc.*, 104 So. 3d 1274, 1276 (Fla. 4th DCA 2013); *GMAC Mortg., LLC v. Choengkroy*, 98 So. 3d 781, 781 (Fla. 4th DCA 2012). A plaintiff may satisfy this burden by submitting "the note bearing a special endorsement in favor of the plaintiff, an assignment from payee to the plaintiff or an affidavit of ownership proving its status as holder of the note." *Rigby v. Wells Fargo Bank, N.A.*, 84 So. 3d 1195, 1196 (Fla. 4th DCA 2012).

When a plaintiff asserts standing based on an undated endorsement of the note, it must show that the endorsement occurred before the filing of the complaint through additional evidence, such as the testimony of a litigation analyst. *See Sosa v. U.S. Bank Nat'l Ass'n*, 153 So. 3d 950, 951 (Fla. 4th DCA 2014). In *Sosa*, this court held the bank failed to establish standing, because its litigation analyst did not clearly testify as to when the bank became the owner of the note. *Id.* at 951-52. Where a later-filed promissory note does not include the date upon which the endorsement was made, the plaintiff must provide "record evidence proving that it had the right to enforce the note on the date the complaint was filed." *McLean*, 79 So. 3d at 174.

---

[1] Where the endorsement on the promissory note attached to the initial complaint had nothing written on the "pay to the order of" line, that space on the original note contained a "Countrywide Bank, N.A." stamp. None of the endorsements on either version of the note were dated, and there is no other information in the record that sheds any light on when these endorsements were made.

2

Here, Plaintiff called a witness who testified that while assignments do not always strictly occur on the dates shown on the document, he was unable to say whether the note attached to the initial complaint was the most recent copy of that document, and could only assume that was the case. He also did not provide any information definitively establishing that Plaintiff had possession of the note prior to the time it filed its initial complaint. As a result, Plaintiff was unable to prove it had "standing to bring a mortgage foreclosure complaint by establishing an assignment or equitable transfer of the note and mortgage *prior to instituting the complaint.*" *Joseph v. BAC Home Loans Servicing, LP*, No. 4D12-4137, 2015 WL 71842, at *1 (Fla. 4th DCA Jan. 7, 2015) (emphasis added) (citing *McLean*, 79 So. 3d at 173).

Plaintiff's evidence supporting its claim that the assignment of the mortgage "related back" to before the suit commenced was also insufficient to prove standing in this case. The witness testified that he did not have any information, other than the document itself, to verify when the assignment took place. In situations where mortgage assignments have been back-dated to pre-date the filing of the initial complaint, this court has stated that:

> [T]wo inferences can be drawn from the effective date language. One could infer that ownership of the note and mortgage were equitably transferred [on the earlier date], but one could also infer that the parties to the transfer were attempting to backdate an event to their benefit. Because the language yields two possible inferences, proof is needed as to the meaning of the language, and a disputed fact exists.

*Vidal*, 104 So. 3d at 1277 (footnote omitted).

As such, "[a]llowing assignments to be retroactively effective would be inimical to the requirements of pre-suit ownership for standing in foreclosure cases." *Id.* at 1277 n.1.

Because neither the information included in the record nor the witness's testimony resolved the issue of when the assignments to the Plaintiff occurred, it cannot be said that the assignment of the note and the mortgage took place "prior to instituting the complaint." *Joseph*, 2015 WL 71842, at *1 (citing *McLean*, 79 So. 3d at 173). Since the trial court's conclusion that Plaintiff had standing to foreclose is not supported by competent substantial evidence, we hereby reverse the final judgment of foreclosure entered in favor of Plaintiff, and remand this case to the trial court for entry of a judgment in favor of the Defendants. *De Groot v.*

*Sheffield*, 95 So. 2d 912, 916 (Fla. 1957) (stating that "the evidence relied upon to sustain the ultimate finding should be sufficiently relevant and material that a reasonable mind would accept it as adequate to support the conclusion reached").

*Reversed and Remanded with instructions.*

GROSS and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**