# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**SHERMAN BALCH** and **ANNMARIE BALCH,**
Appellants,

v.

**LASALLE BANK N.A.**, as Trustee for Washington Mutual Mortgage Pass-
through Certificates WMART Series 2006-5 Trust,
Appellee.

No. 4D14-2057

[August 5, 2015]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; James W. McCann, Judge; L.T. Case No. 2008 CA-726.

Sherman Balch and AnnMarie Balch, Palm City, pro se.

Jeffrey T. Kuntz and Thomas H. Loffredo of GrayRobinson, P.A., Fort Lauderdale, and Maureen A. Vitucci and John M. Brennan, Jr., of GrayRobinson, P.A., Tallahassee, for appellee.

### ON MOTION FOR REHEARING

STEVENSON, J.

We deny Appellee's motion for rehearing, but withdraw our prior opinion and substitute the following in its place.

Sherman and AnnMarie Balch (collectively, "Homeowners") appeal a final judgment of foreclosure entered in favor of LaSalle Bank N.A. ("LaSalle Bank"). We find the trial court erred in finding LaSalle Bank had standing at the time it initiated the foreclosure complaint, and accordingly reverse and remand for further proceedings.

*Facts*

LaSalle Bank filed its complaint in March of 2008. It sought to foreclose on the mortgage and to re-establish a lost note. LaSalle Bank attached to this complaint a copy of the mortgage and a copy of the note. The note listed American Home Mortgage as the lender and contained no indorsements. Close to three months later, LaSalle Bank filed the original

note. The original note contained an undated special indorsement from American Home Mortgage to Washington Mutual Bank.

LaSalle Bank called one witness at trial. The witness worked for JP Morgan Chase Bank, the servicer for Homeowners' loan. He explained that Homeowners' loan was part of a pooling and servicing agreement ("PSA") that came into existence in June of 2006. The PSA listed WaMu Acceptance Corporation as the depositor, Washington Mutual Bank as the servicer, and LaSalle Bank National Association as the trustee for the trust. Relying on servicing records and the closing date for the trust, the witness testified that Homeowners' loan was transferred into the trust on or around June 29, 2006.

As it pertains to the note, the witness never specified when the special indorsement was placed onto the original note. LaSalle Bank also introduced into evidence a copy of an assignment, dated April 3, 2008, which assigned MERS' interest in the mortgage and note to LaSalle Bank. MERS was not a party to the PSA.

Homeowners moved for an involuntary dismissal, arguing LaSalle failed to prove standing. The trial court denied the motion and entered final judgment of foreclosure in favor of LaSalle Bank.

*Analysis*

"We review the sufficiency of the evidence to prove standing to bring a foreclosure action *de novo.*" *Lloyd v. Bank of New York Mellon*, 160 So. 3d 513, 514 (Fla. 4th DCA 2015). Here, LaSalle Bank did not provide sufficient evidence that it had standing at the time it filed the foreclosure complaint.

First, there was no evidence indicating when the special indorsement in favor of Washington Mutual Bank was placed onto the note. *See McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 174 (Fla. 4th DCA 2012) ("Where the plaintiff contends that its standing to foreclose derives from an endorsement of the note, the plaintiff must show that the endorsement occurred prior to the inception of the lawsuit."). Secondly, the assignment is insufficient to establish standing, as the assignment was executed after the complaint was filed. *See Rigby v. Wells Fargo Bank, N.A.*, 84 So. 3d 1195, 1195–96 (Fla. 4th DCA 2012) (reversing entry of final summary judgment because the bank failed to establish it had standing to foreclose when the evidence showed the assignment was dated one day after the complaint was filed). Finally, evidence that the note was transferred into the trust prior to the foreclosure action is insufficient by itself to confer standing because there was no evidence that the indorsee

2

had the intent to transfer any interest to the trustee. *See Jelic v. LaSalle Bank, Nat'l Ass'n,* 160 So. 3d 127, 130 (Fla. 4th DCA 2015) (reversing a final judgment of foreclosure, in part because there was no evidence that the party transferring the note into a trust had any intent to transfer an interest to the trustee).

Based on the foregoing, we reverse and remand for entry of an order of involuntary dismissal of the action. *See Sosa v. U.S. Bank Nat'l Ass'n,* 153 So. 3d 950, 952 (Fla. 4th DCA 2014) (reversing and remanding for entry of an order of involuntary dismissal when the bank failed to provide sufficient evidence of its standing).

*Reversed and remanded.*

GERBER and LEVINE, JJ., concur.

\* \* \*