DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CRAIG D. LAMB,**
Appellant,

v.

**NATIONSTAR MORTGAGE, LLC**, et al.,
Appellee.

No. 4D13-3125

[August 19, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Roger B. Colton, Judge; L.T. Case No. 502011CA004062.

Craig D. Lamb, West Palm Beach, pro se.

Silver Jade Deutch of Morris | Schneider | Wittstadt, Tampa, for appellee Nationstar Mortgage, LLC.

STEVENSON, J.

Craig Lamb appeals a final judgment of foreclosure. We find the trial court erred in determining that Nationstar Mortgage, LLC, had standing and reverse.

This court reviews the sufficiency of the evidence to prove standing to bring a foreclosure action *de novo*. *Dixon v. Express Equity Lending Grp., LLLP,* 125 So. 3d 965, 967 (Fla. 4th DCA 2013). In addition to proving standing when the complaint is filed, a bank must also establish its standing at the time final judgment is entered. *Boumarate v. HSBC Bank USA, N.A.,* 109 So. 3d 1239, 1239 (Fla. 5th DCA 2013).

This case was commenced by Aurora Loan Services, LLC. The note attached to the complaint included several indorsements, the last one being a special indorsement in favor of Aurora. Nationstar filed a Motion for Substitution of Party Plaintiff, alleging it had acquired the note and mortgage. Nationstar attached to the motion an "Assignment of Mortgage" from Aurora. Without objection, the court issued its order allowing the substitution.

At trial, the court took judicial notice of the court file, including the order allowing substitution of Nationstar for Aurora as plaintiff. Nationstar's witness testified that "[w]e acquired Aurora Loans last year around mid-2012. We took over that company, . . . we now service all of Aurora Loans." There was no other testimony on the issue of Nationstar's standing. The original note was lost and the copy placed into evidence was specially indorsed to Aurora.

"When specially indorsed, an instrument becomes payable to the identified person and may be negotiated only by the indorsement of that person." § 673.2051(1), Fla. Stat. (2013). Where a bank is seeking to enforce a note which is specially indorsed to another, it may prove standing "'through evidence of a valid assignment, proof of purchase of the debt, or evidence of an effective transfer.'" *Stone v. BankUnited*, 115 So. 3d 411, 413 (Fla. 2d DCA 2013) (quoting *BAC Funding Consortium Inc. ISAOA/ATIMA v. Jean-Jacques*, 28 So. 3d 936, 939 (Fla. 2d DCA 2010)); *see also Hunter v. Aurora Loan Servs., LLC*, 137 So. 3d 570, 573 (Fla. 1st DCA), *review denied*, 157 So. 3d 1040 (Fla. 2014); *Dixon*, 125 So. 3d at 967 ("'[T]he plaintiff must submit the note bearing a special [i]ndorsement in favor of the plaintiff, an assignment from payee to the plaintiff or an affidavit of ownership proving its status as holder of the note.'") (quoting *Rigby v. Wells Fargo Bank, N.A.*, 84 So. 3d 1195, 1196 (Fla. 4th DCA 2012)). "A witness who testifies at trial as to the date a bank became the owner of the note can serve the same purpose as an affidavit of ownership." *Sosa v. U.S. Bank Nat'l Ass'n,* 153 So. 3d 950, 951 (Fla. 4th DCA 2014).

Nationstar did not prove its standing to enforce the note through evidence of an assignment because the assignment at bar assigns *only the mortgage.* "The mortgage follows the assignment of the promissory note, but an assignment of the mortgage without an assignment of the debt creates no right in the assignee." *Tilus v. AS Michai LLC*, 161 So. 3d 1284, 1286 (Fla. 4th DCA 2015) (citing *Bristol v. Wells Fargo Bank, Nat'l Ass'n*, 137 So. 3d 1130, 1133 (Fla. 4th DCA 2014)). A bank does not have standing to foreclose where it relies on an assignment of the mortgage only.

We also find that Nationstar failed to prove its standing through either "proof of purchase of the debt," "evidence of an effective transfer," or "affidavit of ownership proving its status as holder." While its witness testified that Nationstar acquired Aurora, the witness did not testify that Nationstar acquired this particular note which bears a special indorsement to Aurora. *See Dixon*, 125 So. 3d at 967 ("Although the lender's president testified that the lender was the owner and holder of the note, the special indorsement appearing on the back of the original note suggests otherwise."); *Jelic v. LaSalle Bank, Nat'l Ass'n*, 160 So. 3d 127,

2

130 (Fla. 4th DCA 2015) ("[T]he special indorsement on the original note suggests Washington Mutual Bank was the proper party to initiate the foreclosure action."); *see also Gorel v. Bank of N.Y. Mellon*, 165 So. 3d 44, 46–47 (Fla. 5th DCA 2015); *compare Stone*, 115 So. 3d at 413 (finding that the plaintiff had standing where employee of original lender testified that the plaintiff acquired all of the assets of the original lender *including the note and mortgage in question* pursuant to a purchase assumption agreement). The record lacks competent substantial evidence that this note was transferred by its indorsee, or otherwise purchased or acquired by Nationstar.

Because Nationstar failed to establish its standing at the time judgment was entered, the trial court erred in finding that Nationstar had standing to enforce the note. Accordingly, we reverse the final judgment of foreclosure and remand for entry of an order of involuntary dismissal of the action. *See Sosa,* 153 So. 3d at 952 (reversing and remanding for involuntary dismissal of foreclosure case following non-jury trial where the bank failed to establish standing).

*Reversed and remanded.*

LEVINE and FORST, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**