DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JUNIOR A. HARRIS,**
Appellant,

v.

**HSBC BANK USA, NATIONAL ASSOCIATION,**
as Trustee for NAAC Mortgage Pass-Through Certificates Series 2007-1,
Appellee.

No. 4D14-54

[September 9, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Cynthia G. Imperato, Judge; L.T. Case No. CACE08029493(11).

Kenneth V. Hemmerle, II, Fort Lauderdale, and Richard P. McCusker, Jr., Delray Beach, for appellant.

Donna L. Eng, Michael K. Winston, and Dean A. Morande of Carlton Fields Jorden Burt, P.A., West Palm Beach, for appellee.

GERBER, J.

The borrower appeals from a final judgment of foreclosure entered for the bank after a trial. The borrower argues that the bank failed to prove it had standing when it filed the action. We agree and reverse for entry of judgment for the borrower.

The bank's original complaint attached a copy of a note payable to another entity. The note did not contain an endorsement.

The bank later filed a second amended complaint. Attached were copies of the note and an assignment of the note. The note now contained an endorsement to the bank. However, the endorsement was undated. The assignment purported to transfer the note to the bank on an "effective" date before the bank filed its original complaint. However, the assignment was executed after the bank filed its original complaint.

The borrower answered and raised lack of standing as an affirmative defense. The borrower argued that the endorsement was undated and the assignment was executed after the bank filed its original complaint.

At trial, the bank introduced into evidence the original note and the assignment. On the factual issue of whether the note was assigned to the bank before or after the bank filed the original complaint, the bank's witness possessed no knowledge or information other than what the assignment's face reflected.

After the close of all evidence, the trial court entered a final judgment of foreclosure for the bank.

This appeal followed. Our review is de novo. *See Lloyd v. Bank of N.Y. Mellon*, 160 So. 3d 513, 514 (Fla. 4th DCA 2015) ("We review the sufficiency of the evidence to prove standing to bring a foreclosure action *de novo*.") (citation omitted).

We agree with the borrower that the bank failed to prove it had standing when it filed the action. We reach this conclusion for three reasons.

First, the note's endorsement to the bank was undated. *See Matthews v. Fed. Nat'l Mortg. Ass'n*, 160 So. 3d 131, 133 (Fla. 4th DCA 2015) ("[T]he note introduced at trial . . . did not establish standing when the suit was commenced. The blank endorsement was undated.").

Second, the assignment was "backdated" after the bank filed the action. *See id.* ("Nor does the backdated assignment, standing alone, establish standing.") (citation omitted); *Vidal v. Liquidation Props., Inc.*, 104 So. 3d 1274, 1277 n.1 (Fla. 4th DCA 2013) ("Allowing assignments to be retroactively effective would be inimical to the requirements of pre-suit ownership for standing in foreclosure cases.").

Third, on the factual issue of whether the note was assigned to the bank before or after the bank filed the original complaint, the bank's witness possessed no knowledge or information other than what the assignment's face reflected. *See Lloyd*, 160 So. 3d at 515 ("Plaintiff's evidence supporting its claim that the assignment . . . 'related back' to before the suit commenced was also insufficient to prove standing in this case. The witness testified that he did not have any information, other than the document itself, to verify when the assignment took place.").

Based on the foregoing, we reverse and remand for entry of judgment for the borrower.

2

*Reversed and remanded.*

GROSS and DAMOORGIAN, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**