DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DIANA JELIC,**
Appellant,

v.

**BAC HOME LOANS SERVICING, LP,** f/k/a COUNTRYWIDE HOME
LOANS SERVICING, L.P.,
Appellee.

No. 4D14-516

[November 4, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Richard L. Oftedal, Judge; L.T. Case No. 2009CA017255XXXXMB.

Peter Ticktin, Josh Bleil, Michael Vater, Heather Cherepkai, and Kendrick Almaguer of The Ticktin Law Group, P.A., Deerfield Beach, for appellant.

Tricia J. Duthiers and Kristen A. Tajak of Liebler Gonzalez & Portuondo, Miami, for appellee Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, f/k/a Countrywide.

FORST, J.

We again consider the question of standing to foreclose upon a mortgage. Diana Jelic ("Owner") signed a mortgage and note in 2005. In 2008, she stopped making payments on the note. BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP (and since merged into Bank of America, N.A.) ("the Bank" when used collectively) initiated a foreclosure proceeding. Owner challenged the Bank's standing to foreclose along with its compliance with contractual conditions precedent in the mortgage and note. For the reasons given below, we agree with Owner that the Bank did not properly demonstrate its standing and therefore reverse the trial court's Final Judgment of Foreclosure.

Owner initially executed a note and mortgage in favor of Sterling Bank. The note was later indorsed to Countrywide Bank. At some point, the note was indorsed from Countrywide Bank to Countrywide Home Loans

Servicing. But the copy of the note attached to the complaint shows only the first indorsement (to Countrywide Bank). The second indorsement appears only on the note introduced at trial. No testimony was introduced giving the date on which the second indorsement was made, or stating that Countrywide Home Loans Servicing held the note at the time of the complaint.

The Bank provides two arguments as to how it proved that it was the holder of the note at the time the complaint was filed. Even if we ignore the fact that those arguments seem to contradict each other and instead address each individually, the Bank still has failed to show that it was the holder as of the date that the complaint was filed.

The Bank's first argument is that the indorsements alone transferred the note into its control. However, the failure to introduce testimony establishing the date the second indorsement was made is fatal to this line of reasoning. We have said before, and apparently need say again: if an indorsement is undated and appears for the first time *after* the complaint is filed, some evidence must be introduced that will support a finding that the indorsement was made prior to the complaint's filing. *Tilus v. AS Michai LLC*, 161 So. 3d 1284, 1286 (Fla. 4th DCA 2015) ("Where the plaintiff files the original note after filing suit, an undated blank endorsement on the note is insufficient to prove standing at the time the initial complaint was filed"); *Sosa v. U.S. Bank Nat'l Ass'n*, 153 So. 3d 950, 951 (Fla. 4th DCA 2014); *LaFrance v. U.S. Bank Nat'l Ass'n*, 141 So. 3d 754, 756 (Fla. 4th DCA 2014) ("A plaintiff's lack of standing at the inception of the case is not a defect that may be cured by the acquisition of standing after the case is filed and cannot be established retroactively by acquiring standing to file a lawsuit after the fact.") (internal quotation marks and citation omitted).

Statements that make exclusive use of the present tense (here: "Bank of America *is* the holder of the note" (emphasis added)) are insufficient. What is required is some evidence that the foreclosing party *was* the holder at the appropriate time. Although the Bank's sole witness did say that the Bank "owned the loan prior to the filing of the complaint," she immediately corrected herself, answering with "No" when asked "So Bank of America never acted as the owner of this loan?" Because of that retraction, we cannot hold that the Bank introduced the necessary evidence to prove that the Bank held the note at the time the initial complaint was filed.

The Bank's second argument as to how the note transferred is that a pre-complaint assignment of the mortgage to Countrywide Home Loans Servicing is evidence that the note was also transferred before the

complaint.  But that is not how the law operates.  Again we repeat:  the mortgage *follows* assignment of the note.  *Bristol v. Wells Fargo Bank, Nat'l Ass'n*, 137 So. 3d 1130, 1133 (Fla. 4th DCA 2014).  The assignment of a mortgage cannot serve as evidence that the note was also transferred, even though a transfer of the note usually will serve as a transfer of the mortgage.  *Lamb v. Nationstar Mortg., LLC*, 40 Fla. L. Weekly D1912 (Fla. 4th DCA Aug. 19, 2015) ("A bank does not have standing to foreclose where it relies on an assignment of the mortgage only.").

As part of this second argument, Bank also argues that one specific line in the mortgage assignment transferred the note itself.  But again, Florida law does not allow for a transfer in this method.  To transfer a note, there must be an indorsement, which itself *must* be "on [the] instrument" or on "a paper affixed to the instrument."  § 673.2041(1), Fla. Stat.  Here, the signature on the mortgage assignment did not constitute an indorsement of the note because it was not on the note or an attached paper.

The Bank has failed to establish its standing to foreclose.  We therefore need not consider the Owner's argument based on conditions precedent.  The judgment of the trial court is reversed.

*Reversed.*

CIKLIN, C.J., and MAY, J., concur.

*          *          *

**Not final until disposition of timely filed motion for rehearing.**