DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHRISTINE MORRIS,**
Appellant,

v.

**DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR HSI ASSET SECURITIZATION CORPORATION TRUST 2006-HE1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-HE1, UNKNOWN TENANT 1,** and **ANSON STREET LLC,**
Appellees.

No. 4D13-4049

[December 9, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Judge; L.T. Case No. CACE12-03320(11).

Brian Korte of Korte and Wortman, P.A., West Palm Beach, for appellant.

Michael K. Winston, Dean A. Morande and Jorge A. Perez Santiago of Carlton Fields Jorden Burt, P.A., West Palm Beach, for Appellee Deutsche Bank National Trust Company.

TAYLOR, J.

Christine Morris appeals the final summary judgment of foreclosure entered in favor of Deutsche Bank National Trust Company. We reverse, because a genuine issue of material fact exists as to Morris's affirmative defense that Deutsche Bank lacked standing on the date that the underlying complaint was filed.

The UCC provides that a "person entitled to enforce" a negotiable instrument means the holder of the instrument, a non-holder in possession of the instrument who has the rights of a holder, or a person not in possession of the instrument who is entitled to enforce. § 673.3011(1)-(3), Fla. Stat. (2011). A "holder" is defined as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." § 671.201(21)(a),

Fla. Stat. (2011).

"When a plaintiff asserts standing based on an undated endorsement of the note, it must show that the endorsement occurred before the filing of the complaint through additional evidence, such as the testimony of a litigation analyst." *See Lloyd v. Bank of New York Mellon*, 160 So. 3d 513, 515 (Fla. 4th DCA 2015). Standing has not been proven where the evidence establishes only that the original plaintiff "was in possession of the note at the time the complaint was filed, not that the note had been endorsed at the time the complaint was filed." *Kiefert v. Nationstar Mortg., LLC*, 153 So. 3d 351, 353 (Fla. 1st DCA 2014).

Here, the copy of the note attached to the complaint did not contain any endorsements. Deutsche Bank subsequently filed the original note with a blank endorsement. Although the summary judgment evidence may have proven that Deutsche Bank was in possession of the note at the time the complaint was filed, Deutsche Bank did not prove that the note was endorsed in blank at that time. Moreover, the Corrective Assignment did not assign the note, and thus did not establish Deutsche Bank's standing. *See Lamb v. Nationstar Mortg., LLC*, 174 So. 3d 1039, 1041 (Fla. 4th DCA 2015) ("A bank does not have standing to foreclose where it relies on an assignment of the mortgage only.").

In short, we conclude Deutsche Bank failed to prove standing because Deutsche Bank did not establish that, at the time it filed the original complaint, it was entitled to enforce the note as the holder of the note, a non-holder in possession of the note with the rights of a holder, or a person not in possession of the instrument who was entitled to enforce it. Thus, a genuine issue of material fact remained regarding Deutsche Bank's standing to foreclose at the inception of the case.

Accordingly, we reverse the final summary judgment of foreclosure and remand for further proceedings.

*Reversed and Remanded for proceedings consistent with this opinion.*

GROSS, J. and SHEPHERD, CAROLINE, Associate Judge, concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2