DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JORGE SOSA** and **JEANETTE SOSA,**
Appellants,

v.

**THE BANK OF NEW YORK MELLON,** f/k/a **THE BANK OF NEW YORK AS SUCCESSOR IN INTEREST TO JP MORGAN CHASE BANK, N.A., AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENTS II, INC., BEAR STEARNS ALT-A TRUST 2005-2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-2,**
Appellee.

No. 4D14-810

[March 23, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John J. Murphy, III, Judge; L.T. Case No. 09-321 (11).

Krista Bordatto and Ricardo Corona of Corona Law Firm, P.A, Miami, for appellants.

Donna L. Eng, Michael K. Winston and Dean A. Morande of Carlton Fields Jorden Burt, P.A., West Palm Beach, for appellee.

DAMOORGIAN, J.

This is an appeal from a residential foreclosure which ended in judgment in favor of Bank of New York Mellon ("the Bank"). On appeal, Jorge and Jeanette Sosa ("Homeowners") argue, inter alia, that the Bank failed to prove it had standing to bring the action. We agree and reverse.

The following facts are pertinent to the standing issue. The Bank filed a mortgage foreclosure complaint against Homeowners alleging one count of foreclosure and one count for reestablishment of a lost note. Although it was not the original lender, the Bank alleged that it was the owner and holder of the Note and Mortgage and, in support, attached a copy of the Note containing a blank indorsement.

The matter proceeded to a bench trial. At the onset, the Bank announced it had located the original Note and intended to submit it as

evidence. The Bank then called a loan verification analyst for its purported servicer, Wells Fargo Bank, N.A., as its only witness. Through the analyst, the Bank introduced the original Note which, unlike the copy of the Note attached to its complaint, was specially indorsed to JP Morgan Bank as Trustee ("JP Morgan"). When asked about her knowledge of how the Bank acquired the Note from JP Morgan, the witness testified that she learned about the transfer through general research she did "on the internet" and that "the internet will illustrate the transfer occurred in 2006." The Bank did not present any additional evidence establishing that it acquired the Note prior to filing the foreclosure action.

At the conclusion of the witness' testimony, the Bank rested. At that point, Homeowners moved for an involuntary dismissal, arguing that the Bank failed to establish it had standing. Homeowners pointed out that the Note was indorsed to JP Morgan and there was no evidence establishing a relationship between JP Morgan and the Bank. The Bank countered that it identified itself as the successor in interest to JP Morgan in the style of the complaint. The court denied Homeowners' motion and ultimately entered judgment in favor of the Bank. This appeal follows.

It is axiomatic that in a foreclosure case, "the plaintiff must prove that it had standing to foreclose when the complaint was filed." *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012). "A plaintiff who is not the original lender may establish standing to foreclose a mortgage loan by submitting a note with a blank or special [i]ndorsement, an assignment of the note, or an affidavit otherwise proving the plaintiff's status as the holder of the note." *Focht v. Wells Fargo Bank, N.A.*, 124 So. 3d 308, 310 (Fla. 2d DCA 2013). A plaintiff can also establish standing by submitting evidence that an equitable transfer of the mortgage and note occurred before the filing of a foreclosure complaint. *See McLean*, 79 So. 3d at 173.

In the case of a note bearing a special indorsement, under section 673.2051(1), Florida Statutes (2014), the "instrument becomes payable to the identified person and may be negotiated only by the indorsement of that person." *See also Dixon v. Express Equity Lending Grp., LLP*, 125 So. 3d 965, 967–68 (Fla. 4th DCA 2013) (holding the bank which filed the foreclosure complaint did not have standing to foreclose when the original note contained a special indorsement in favor of another party). "Where a bank is seeking to enforce a note which is specially indorsed to another, the bank is a nonholder in possession." *Bank of New York Mellon Trust Co., N.A. v. Conley*, 41 Fla. L. Weekly D127, D127 (Fla. 4th DCA Jan. 6, 2016). "A nonholder in possession may prove its right to enforce the note through: (1) evidence of an effective transfer; (2) proof of purchase of the

2

debt; or (3) evidence of a valid assignment." *Id.* "A nonholder in possession must account for its possession of the instrument by proving the transaction (or series of transactions) through which it acquired the note." *Id.*

Here, the Bank claims that it presented through its witness's testimony substantial, competent evidence that the Bank was the successor trustee to JP Morgan and, thus, had standing to sue under the Note. The Bank's position is patently overstated. The witness did not work for the Bank or JP Morgan and was unable to describe the relationship between the two. Moreover, the witness's entire body of knowledge on the subject was limited to what the witness learned from a search on "the internet." Such evidence is not competent to establish the Bank's standing as nonholder in possession with the rights of a holder. Accordingly, we reverse and remand for entry of an order of involuntary dismissal of the action. *See Balch v. LaSalle Bank N.A.*, 171 So. 3d 207, 209 (Fla. 4th DCA 2015) (reversing and remanding for entry of an order of involuntary dismissal when the bank failed to provide sufficient evidence of its standing).

*Reversed and remanded.*

MAY and GERBER, JJ., concur.

*   *   *

**Not final until disposition of timely filed motion for rehearing.**