# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**FALLON RAHIMA JALLALI,**
Appellant,

v.

**CHRISTIANA TRUST,** a division of WILMINGTON SAVINGS FUND
SOCIETY, FSB, as Trustee for NORMANDY MORTGAGE LOAN TRUST,
SERIES 2013-15,
Appellee.

No. 4D14-2369

[June 8, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm
Beach County; Cynthia G. Imperato, Judge, and Barry J. Stone, Senior
Judge; L.T. Case No. CACE 07-10279.

Cyrus A. Bischoff, Miami, for appellant.

Melissa A. Giasi of Kass Shuler, P.A., Tampa, for appellee.

### ON MOTION TO RECALL MANDATE

KLINGENSMITH, J.

We grant appellant's motion to recall mandate, withdraw our previous
opinion, and substitute the following in its place:

This case presents us with yet another opportunity to resolve what has
become a common issue for this court. Although this matter has taken a
somewhat tortuous path through the lower court to reach us, the sole
issue we will address among the several raised on appeal is whether there
was sufficient evidence of Christiana Trust's ("appellee") standing to
support the final judgment of foreclosure. We find that appellee lacked
standing to foreclose, and reverse.

On May 8, 2007, Countrywide Home Loans, Inc. filed a foreclosure
action against Fallon Rahima Jallali ("appellant") that contained within its
initial pleading a count alleging a missing note. Countrywide claimed that

it had been assigned the mortgage and note, but did not have possession of the actual documents at that time. Seven months later, Countrywide filed the original note and original recorded assignment of mortgage with the court. The note was signed by appellant and bore an undated blank endorsement. Although the original complaint averred that Countrywide was assigned the mortgage and note prior to the inception of the lawsuit, the record shows that the assignment actually occurred on August 8, 2007, three months after the suit was filed. The mortgage ultimately was assigned to appellee, who later was substituted as plaintiff.[1]

The case eventually was scheduled for a non-jury trial on January 22, 2014. Six days before that trial date, appellant filed a suggestion of bankruptcy and a motion to stay the proceedings in the foreclosure action. To ensure that the trial would proceed as scheduled, appellee's counsel sought and received an order from the bankruptcy court confirming that an automatic stay of the foreclosure action was not in effect. The day before the scheduled proceedings, appellant's counsel informed appellee's counsel that he received an e-mail from the court stating that the non-jury trial had been removed from the docket as a result of a suggestion of bankruptcy being filed.[2] Appellee's counsel did not agree the non-jury trial was cancelled. She informed appellant's counsel that an automatic stay was not in effect and that appellee would proceed with trial as scheduled if the bankruptcy court confirmed the absence of any stay.

On the morning of January 22, the bankruptcy court confirmed that an automatic stay was not in effect. Later that afternoon, appellee's counsel came to court and checked the trial docket posted outside the courtroom to confirm the non-jury trial remained scheduled for 1:30 p.m. She also announced the case to the courtroom, and determined that appellant was not present. After receiving testimony from appellee's witnesses, the trial court immediately entered final judgment for appellee.

---

[1] On or about January 29, 2013, Countrywide assigned the note and mortgage to LEX Special Assets, LLC, which in turn assigned the note and mortgage to appellee on November 7, 2013. On December 10, 2013, the trial court granted appellee's motion to substitute itself as plaintiff in the foreclosure action. However, in its motion for substitution, appellee alleged that Countrywide had been assigned the note and mortgage on August 8, 2007, after the initial complaint was filed.

[2] The e-mail was not received by appellee's counsel, and referred to proceedings scheduled for February 14, 2013, even though the case number referred to the instant case, which was set for non-jury trial on January 22, 2014.

The following day, appellant's counsel sought out a duty judge to "set things right," arguing that the case had proceeded despite being ostensibly cancelled by the e-mail. That duty judge was persuaded to schedule an evidentiary hearing on January 24, 2014, wherein the court issued a vacatur of foreclosure.[3]

After learning that the final judgment had been vacated by the duty judge, appellee in turn sought to vacate the vacatur of foreclosure, arguing in part that it had been obtained by an ex-parte communication with the court. The case then was assigned to a magistrate judge for an evidentiary hearing on the issue. Following the hearing, the magistrate recommended that the final judgment be vacated due to the trial's cancellation, *and* that the vacatur of foreclosure be vacated because appellee was not notified about the hearing and did not attend.

Appellee filed an exception to the magistrate's report. After multiple additional hearings, the trial court granted appellee's motion to vacate the vacatur of foreclosure and reinstated the final judgment. In so doing, the trial court explicitly chose not to adopt the magistrate's report.

Two weeks later, appellant again moved to vacate the final judgment pursuant to Florida Rule of Civil Procedure 1.540(b), this time alleging fraud upon the court. The trial court denied that motion and this appeal ensued.

We have repeatedly stated that:

> "A crucial element in any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose." *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012). The plaintiff must prove that it had standing to foreclose when the original complaint was filed. *Id.*

*Kenney v. HSBC Bank USA, Nat'l Ass'n*, 175 So. 3d 377, 379 (Fla. 4th DCA 2015).

---

[3] Appellee states that it was not made aware of this hearing and never given a copy of the vacatur of foreclosure. Appellee claims it first learned that the final judgment had been vacated when appellant later filed a separate quiet title action against appellee.

As always, "a party must have standing to file suit 'at its inception and may not remedy this defect by subsequently obtaining standing.'" *Gascue v. HSBC Bank, U.S.A.*, 97 So. 3d 263, 264 (Fla. 4th DCA 2012) (quoting *Rigby v. Wells Fargo Bank, N.A.*, 84 So. 3d 1195, 1196 (Fla. 4th DCA 2012)). When the foreclosing party is not the original lender, it "may establish standing to foreclose a mortgage loan by submitting a note with a blank or special endorsement, an assignment of the note, or an affidavit otherwise proving the plaintiff's status as the holder of the note." *Kenney*, 175 So. 3d at 379 (quoting *Focht v. Wells Fargo Bank, N.A.*, 124 So. 3d 308, 310 (Fla. 2d DCA 2013)).

If the foreclosing party "asserts standing based on an undated endorsement of the note, it must show that the endorsement occurred before the filing of the complaint through additional evidence, such as the testimony of a litigation analyst." *Id.* (quoting *Lloyd v. Bank of N.Y. Mellon*, 160 So. 3d 513, 515 (Fla. 4th DCA 2015)). When a plaintiff attempts to foreclose based upon an undated, blank-endorsed note that it filed *after* the initial complaint, and provides no proof that it was the holder or authorized representative of the holder prior to the inception of the lawsuit, it fails to prove its standing to foreclose. *See, e.g., Perez v. Deutsche Bank Nat'l Trust Co.*, 174 So. 3d 489, 490-91 (Fla. 4th DCA 2015) (reversing final judgment of foreclosure where bank attempted to prove standing based in part upon an undated blank-endorsed note filed after the initial complaint, but failed to provide evidence that it possessed the note prior to the time suit was filed).

A substituted plaintiff can acquire standing to foreclose if the original party had standing. *Assil v. Aurora Loan Servs., LLC*, 171 So. 3d 226, 227 (Fla. 4th DCA 2015) ("Pursuant to Florida Rule of Civil Procedure 1.260, a substituted plaintiff acquires the standing of the original plaintiff.") (quoting *Kiefert v. Nationstar Mortg., LLC*, 153 So. 3d 351, 353 n.4 (Fla. 1st DCA 2014)). In this case, the record is devoid of any proof that Countrywide had possession of the blank-endorsed note prior to the inception of the lawsuit. Appellee also failed to prove that Countrywide had standing to foreclose based upon the assignment of mortgage, as it was clear the assignment took place after suit was filed. *See Balch v. LaSalle Bank N.A.*, 171 So. 3d 207, 209 (Fla. 4th DCA 2015) (reversing a foreclosure judgment in part because the "assignment [of the mortgage] was executed after the complaint was filed").

Accordingly, we reverse the final judgment of foreclosure for lack of standing and remand with instructions for the trial court to enter an involuntary dismissal in favor of appellant.

*Reversed and Remanded.*

GROSS and GERBER, JJ., concur.