DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FEDERAL NATIONAL MORTGAGE ASSOCIATION,**
Appellant,

v.

**EHUD RAFAELI** and **LIZABETH RAFAELI, PNC BANK, N.A.,**
Successor by Merger to National City Bank,
**THE MEADOWS MAINTENANCE ASSOCIATION, INC.,**
**UNKNOWN PARTIES IN POSSESSION #1** and
**UNKNOWN PARTIES IN POSSESSION #2,**
if living, and all Unknown Parties claiming by, through, under and
against the above named Defendants who are not known to be dead or
alive, whether said Unknown Parties may claim an interest as
Spouse, Heirs, Devisees, Grantees, of Other Claimants,
Appellees.

No. 4D16-1376

[July 19, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; William W. Haury, Jr., Judge; L.T. Case No. 2012CA006755 (11).

Ileen J. Cantor of Shapiro, Fishman & Gaché, LLP, Boca Raton, for appellant.

Mark L. Pomeranz of Pomeranz & Associates, P.A., Hallandale, for appellees Ehud Rafaeli and Lizabeth Rafaeli.

GERBER, C.J.

The note owner appeals from the trial court's final judgment in the homeowners' favor after a non-jury trial on the note owner's foreclosure action. At the end of the non-jury trial, the trial court appears to have granted the homeowners' motion for involuntary dismissal, albeit for different reasons than the grounds upon which the homeowners moved for involuntary dismissal. The note owner argues the trial court erred in ruling in the homeowners' favor on the grounds upon which the court relied. We agree with the note owner. Thus, we reverse for entry of final judgment in the note owner's favor.

## *Procedural History*

The note owner's original servicer filed a verified foreclosure complaint alleging the following in pertinent part. The homeowners defaulted on a promissory note which was secured by a mortgage on the homeowners' home. The note owner authorized the original servicer, which held the note, to file the foreclosure action. Attached to the complaint was a copy of the note identifying "America's Wholesale Lender" as the lender. The note also bore a blank endorsement executed by "Countrywide Home Loans, Inc. doing business under the fictitious business name of America's Wholesale Lender, a New York corporation."

The homeowners filed an answer and affirmative defenses, which included the allegation that the note owner's original servicer lacked standing to bring or maintain the action.

The note owner's original servicer later filed with the court the original note bearing the lender's blank endorsement. The original note matched the copy of the note which the original servicer attached to the complaint.

Two years later, the note owner's original servicer filed a verified motion to substitute the note owner as the plaintiff. The trial court granted the motion.

A non-jury trial was held. The note owner introduced into evidence the original note bearing the lender's blank endorsement.

The note owner then called upon its current servicer's employee to testify. The current servicer's employee testified, among other things, that his company was authorized to service the loan on the note owner's behalf through a limited power of attorney which the note owner executed before the original servicer filed the complaint.

After the note owner rested, the homeowners moved for an involuntary dismissal, arguing that the note owner failed to prove standing for three reasons: (1) the note identified "America's Wholesale Lender" as the lender, but bore a blank endorsement executed by "Countrywide Home Loans, Inc. doing business under the fictitious business name of America's Wholesale Lender, a New York corporation"; (2) the note owner did not present testimony of when the blank endorsement occurred; and (3) the note owner's original servicer filed suit in its own name rather than in the note owner's name.

The trial court stated that it was "not really concerned with those issues."  Instead, the trial court asked the note owner's attorney what evidence existed to prove:  (1) the original servicer was authorized to file the action; (2) the ability to service the loan was transferred to the current servicer; and (3) the current servicer was authorized to pursue the action.

The note owner's attorney responded that the original servicer was authorized to file the action because the original servicer held the note when it filed the action.  The note owner's attorney also responded that the limited power of attorney, which the note owner executed, proved that the ability to service the loan was transferred to the current servicer and that the current servicer was authorized to pursue the action.

The trial court then asked the note owner's attorney whether the original servicer was authorized to file the action given that the note owner executed the power of attorney in favor of the current servicer before the original servicer filed the complaint.  The note owner's attorney again responded that the original servicer was authorized to file the complaint because it held the note when it filed the complaint.

The trial court, apparently unsatisfied with the note owner's attorney's answers to the court's questions, ruled in the homeowners' favor:

> I'm still troubled with regard to the way that [the current servicer] came into this.  I think under [Florida Rule of Civil Procedure] 1.190(d), there should have been some type of an amendment.  *But not withstanding that, all that testimony came in without objection.*  Nonetheless, I still don't think there was sufficient testimony to show that the ability to prosecute this action was also transferred [after the original servicer filed the complaint].
>
> I don't think [the note owner] can have it both ways, saying that [the note owner] had the ability to [file the complaint], and then have it brought by someone else.  For those reasons, I will find for the [homeowners].

(emphasis added).

The trial court ultimately entered a final judgment in the homeowners' favor.

This appeal followed.  The note owner argues the trial court erred in ruling in the homeowners' favor on the grounds upon which the court

3

relied, which were grounds not raised by the homeowners. The note owner argues that the trial court instead should have focused on the grounds which the homeowners raised, that is, whether the original servicer, as the initial plaintiff, had standing, regardless of which entity was servicing the loan at the time of the proceedings. According to the note owner, the unrefuted evidence established that the original servicer held the blank-endorsed note when it filed the complaint, thereby giving the original servicer standing when it filed the complaint. The note owner adds that, after it was substituted for the original servicer as the plaintiff in this action, it had standing at trial where it introduced into evidence the original blank-endorsed note.

### *Our Review*

Our review is de novo. *See Caraccia v. U.S. Bank, Nat'l. Ass'n*, 185 So. 3d 1277, 1278 (Fla. 4th DCA 2016) ("We review the sufficiency of the evidence to prove standing to bring a foreclosure action *de novo.*") (citation omitted).

We agree with the note owner's arguments. The Uniform Commercial Code provides that a promissory note, as a negotiable instrument, is enforceable by the holder. § 673.3011(1), Fla. Stat. (2015). The term "holder" means "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." § 671.201(21)(a), Fla. Stat. (2015). Here, the note owner's unrefuted evidence established that the original servicer physically possessed the blank-endorsed note when it filed the complaint, thereby giving the original servicer standing to enforce the note as the note's holder when it filed the complaint.

The fact that the original servicer physically possessed the note on the note owner's behalf when it filed the complaint is insignificant. We held in *Caraccia* that a third party, such as a loan servicer or a law firm, may physically possess a note without affecting a financial institution's meaningful interest in the note. 185 So. 3d at 1279. In such a case, the financial institution has constructive possession of the note so long as the financial institution retains the power to exercise control over the note. *Id.* Thus, when an agency relationship exists, "the element of possession can be met through either actual or constructive possession." *Id.* In the instant case, although the note owner may have been able to initiate a foreclosure action as the holder with constructive possession of the note, the original servicer was also able to initiate the action as the holder with physical possession. *See Caraccia*, 185 So. 3d at 1279 (distinguishing *Tremblay v. U.S. Bank, Nat'l Ass'n*, 164 So. 3d 85 (Fla. 4th DCA 2015),

4

where the servicer was the only holder and therefore was the only proper party to initiate foreclosure proceedings).

After the note owner was substituted for the original servicer as the plaintiff in this action, the note owner had standing at trial when it introduced into evidence the original blank-endorsed note. In *Ortiz v. PNC Bank, Nat'l Ass'n*, 188 So. 3d 923 (Fla. 4th DCA 2016), we addressed the issue of standing when a party seeking to foreclose attaches a copy of the note to the complaint and later files the original with the court:

> We recognize the fact that a copy of a note [being] attached to a complaint does not conclusively or necessarily prove that the Bank had actual possession of the note at the time the complaint was filed. However, if the Bank later files with the court the original note in the same condition as the copy attached to the complaint, then we agree that the combination of such evidence is sufficient to establish that the Bank had actual possession of the note at the time the complaint was filed and, therefore, had standing to bring the foreclosure action, absent any testimony or evidence to the contrary.

*Id.* at 925.

Here, the original servicer attached a copy of the note to the complaint, and later filed with the court the original note, two years before substituting the note owner as the party plaintiff. The combination of these two actions indicate that the original servicer physically possessed the blank-endorsed note and, therefore, that the original servicer had standing to foreclose at the inception of this action. *Id.* This standing was conveyed to the note owner as the substitute plaintiff. *See Jallali v. Christiana Tr.*, 200 So. 3d 149, 152 (Fla. 4th DCA 2016) ("A substituted plaintiff can acquire standing to foreclose if the original party had standing.").

Based on the foregoing, the note owner conclusively proved standing to foreclose through competent, substantial evidence. Accordingly, we reverse the trial court's final judgment in the homeowners' favor and remand for entry of final judgment in the note owner's favor.

*Reversed and remanded.*

WARNER and FORST, JJ., concur.

\*     \*     \*

5

*Not final until disposition of timely filed motion for rehearing.*