BERGER, J. U.S. Bank, N.A., as Legal Title Trustee For Truman 2012 SC2 Title Trust (U.S. Bank), appeals the final judgment' entered in favor of David S. Glicken and the Unknown Spouse of David S. Glicken denying its foreclosure claim. U.S. Bank argues that the trial court erred in finding that it lacked standing to foreclose at the time of the trial and final judgment. We agree and reverse.[1] Wells Fargo filed a verified one-count foreclosure complaint against Glicken, alleging that he. was in default as to'his mortgage payments. Copies of the note, allonge, and mortgage were attached to the complaint. The allonge contained a blank indorsement without recourse from First Union National Bank, the original lender. Thereafter, Wells Fargo assigned the mortgage and transférred possession of the note to U.S. Bank, which was later substituted as the party plaintiff in the case. U.S. Bank then filed the original note, allonge, and mortgage with the trial court, and the case proceeded to trial. The original note, the allonge attached to the original note, the original mortgage, a copy of the assignment of the mortgage, tlje acceleration letter, and the payment history were admitted into evidence. . At the close of evidence, Glicken argued, among other things, that U.S. Bank lacked standing at the time of trial because there was no testimony about the assignment of the note. The trial court agreed with Glicken on the issue of standing and dismissed the case, concluding: Standing is not transferrable and US Bank was not the holder of the note as of the date of the filing. It wasn’t, the attorney enact [sic] of the—Wells Fargo. It wasn’t a successor in - interest, it wasn’t purchased by, there was no way in which the two entities became one entity. There are a number of ways in which this happens, it. evolves [sic] in a variety of lawsuits we see, ,In this case, you cannot transfer by selling the note. You cannot transfer standing. My ruling here is for the defendant.[2] This was error. The trial court’s ruling that standing could not be transferred by selling the note and that the only way the note could be transferred was through a merger of the two banks is incorrect. Notes can be sold or otherwise transferred even when the entire bank is not acquired. See Fed. Nat’l Mortg. Ass’n v. Rafaeli, 225 So.3d 264 (Fla. 4th DCA 2017); Jallali v. Christiana Tr., 200 So.3d 149, 152 (Fla. 4th DCA 2016) (“A substituted plaintiff can acquire standing to foreclose if the original, party had standing.” (citing Assil v. Aurora Loan Servs., LLC, 171 So.3d 226, 227 (Fla. 4th DCA 2015))). After all, that is the entire purpose of negotiability. See § 673.2011, Fla. Stat. (2012); Riggs v. Aurora Loan Servs., LLC, 36 So.3d 932, 933 (Fla. 4th DCA 2010) (noting that a blank indorsement is payable to the bearer and can be negotiated by the transfer of possession alone); Barnett Bank of Palm Beach Cty., N.A. v. Regency Highland Condo. Ass’n, 452 So.2d 587, 589 (Fla. 4th DCA 1984) (“The law favors negotiability and is reluctant to adopt rules that burden transferability of negotiable paper.” (citing 11 Am. Jur. 2d § 398)), superseded by statute on other grounds as recognized in Any Kind Checks Cashed, Inc. v. Talcott, 830 So.2d 160, 164-65 (Fla. 4th DCA 2002). The obligation under a promissory note is owed to the person entitled to enforce the instrument. § 673.4121, Fla. Stat. (2012). U.S. Bank argues that it established Wells Fargo had standing at the time the foreclosure complaint was filed because a copy of the note and the allonge, containing the indorsement in blank, was attached to the foreclosure complaint. U.S. Bank further argues that it proved it had standing at the time of trial through possession of the original note indorsed in blank, by filing the original note and al-longe with the trial court, and by successfully seeking their admittance into evidence. Glicken counters that while U.S. Bank presented proof of assignment of the mortgage, it failed to present any evidence or testimony whatsoever to show it was assigned or became the legal owner of the note. He maintains that U.S. Bank cannot prove standing through the assignment of the mortgage. • Glicken is correct that an assignment of the mortgage is insufficient to establish standing without an indorsement on the note predating the complaint. See Gorel v. Bank of N.Y. Mellon, 165 So.3d 44, 46 (Fla. 5th DCA 2015); see also Jelic v. BAC Home Loans Servicing, LP, 178 So.3d 523, 525 (Fla. 4th DCA 2015) (citing Lamb v. Nationstar Mortg., LLC, 174 So.3d 1039 (Fla. 4th DCA 2015)). Indeed, the mortgage follows the note. See Deutsche Bank Nat’l Tr. Co. v. Lippi, 78 So.3d 81, 85 (Fla. 5th DCA 2012) (citing Chem. Residential Mortg. v. Rector, 742 So.2d 300, 300-01 (Fla. 1st DCA 1998)). As such, standing to foreclose is focused on the promissory note. When the note with an undated blank indorsement has been attached to the original complaint, this is sufficient to prove standing provided that the plaintiff produces the original note at trial or files it with the trial court with the same in-dorsement and there are no subsequent contradictory indorsements. See Nationstar Mortg., LLC v. Bo Chan, 226 So.3d 330 (Fla. 5th DCA 2017); Ortiz v. PNC Bank, Nat’l Ass’n, 188 So.3d 923, 925 (Fla. 4th DCA 2016); Eagles Master Ass’n v. Bank of Am., N.A., 198 So.3d 12, 14 (Fla. 2d DCA 2015) (citing Am. Home Mortg. Servicing, Inc. v. Bednarek, 132 So.3d 1222 (Fla. 3d DCA 2014)); Le v. U.S. Bank, 165 So.3d 776, 778 (Fla. 5th DCA 2015); Clay Cty. Land Tr. No. 08-04-25-0078-014-27, Orange Park Tr. Servs., LLC v. JPMorgan Chase Bank, Nat’l Ass’n, 152 So.3d 83, 85 (Fla. 1st DCA 2014) (citing Wells Fargo Bank, N.A. v. Morcom, 125 So.3d 320, 321-22 (Fla. 5th DCA 2013)). Here, Wells Fargo attached a copy of the note and the allonge containing the blank indorsement from the original lender, First Union, to the foreclosure complaint. Subsequently, the original note and allonge, which are identical to the copies that were attached to the foreclosure complaint, were filed with the trial court by U.S. Bank and were admitted into evidence at trial. This is sufficient to show that the blank indorsement on the allonge predated the date on which the foreclosure complaint was filed and showed that Wells Fargo had standing at that time. As the act of filing the note with the trial court is indicative of possession, U.S. Bank’s filing of the original note and allonge, containing the blank indorsement, and admission of these documents into evidence at trial was sufficient proof that U.S. Bank possessed the note before and during trial. See Bo Chan, 226 So.3d 330; Ortiz, 188 So.3d at 925. Accordingly, we reverse the final judgment entered in favor of Glicken and remand -with directions that the trial court enter final judgment in favor of U.S. Bank. REVERSED and REMANDED, with instructions. SAWAYA and LAMBERT, JJ„ concur. . Because we find the first issue dispositive, it is unnecessary for us to address the arguments regarding the acceleration letter, except to say that U.S. Bank presented sufficient evidence to show compliance with the notice before acceleration requirement in paragraph 21 of the mortgage. . The written final judgment states as its reasoning for finding in favor of Glicken that "[i]n weighing the evidence presented, the ■ Court finds that the Plaintiff did not meet its burden to prove that it is entitled to foreclose the mortgage in this matter.”